Meddie Leon BASS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 1049–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1983.

Joe B. Goodwin, Beaumont, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

On March 19, 1981, appellant was charged by information with the offense of possession of marihuana in a usable quantity of under two ounces. On September 24, 1981, appellant pled guilty to the offense; punishment was assessed at six months confinement, probated, and a fine of $1,000.00. On March 22, 1982, the State filed a motion to revoke probation alleging that on or about December 2, 1981, appellant committed the offense of driving while intoxicated in violation of the terms and conditions of his release. After a hearing, the court revoked appellant's probation and sentenced him to ninety days confinement. Appellant appealed the revocation of probation to the Beaumont Court of Appeals, which affirmed appellant's conviction. *Bass v. State,* —— S.W.2d —— (Tex.Civ.App.—Beaumont, No. 09–82–91CR, November 3, 1982). Appellant petitioned to this court for discretionary review, which we granted on January 11, 1983.

In his sole ground of error, appellant contends that the trial court erred in convicting appellant of possession of marihuana because possession of marihuana was no longer a crime in the state of Texas due to the unconstitutionality of the Texas Controlled Substances Act. Art. 4476–15, Tex. Rev.Civ.Stat.Ann., (Supp.1983).

In *Ex Parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App.1983), we held that the caption to House Bill 730, Acts 67th Leg., 1981, Ch. 268, p. 696, which purported to amend the Controlled Substances Act was defective in that it failed to apprise readers of the changes in the Code of Criminal Procedure and Penal Code effectuated by the amendment. The bill was therefore declared unconstitutional under Tex. Const. Art. III, § 36. We further held that since the amendment was defective, the Controlled Substances Act stood as though House Bill 730 had never been enacted.

Given our holding in *Ex parte Crisp,* supra, we now turn to appellant's ground of error. The pre-amendment version of the Controlled Substances Act contained the following provision:

"(a) ... [A] person commits an offense if he knowingly or intentionally possess a usable quantity of marihuana.

(b) An offense under Subsection (a) of this section is:

\* \* \* \* \* \*

(3) A Class B misdemeanor if he possesses two ounces or less."

Art. 4476–15, § 4.05. Tex.Rev.Civ.Stat. Ann. (1976). Therefore, when appellant committed the offense, there was a valid statute in effect which made it a criminal offense to possess two ounces or less of marihuana. Since appellant was convicted under a valid statute, his probation for that conviction was properly revoked upon proof that he had violated the terms and conditions of his release by driving while intoxicated.

Although we do not uphold the reasoning of the Court of Appeals, we affirm its holding: the judgment of the trial court is affirmed.

ODOM and CLINTON, JJ., concur in the result for reasons stated in CLINTON's, J., concurring opinion in *Crisp.*

TOM G. DAVIS, W.C. DAVIS, McCOR-MICK and CAMPBELL, JJ., dissent for the reasons stated in CAMPBELL's, J., dissent in *Crisp.*