**Joe Willie PRESCOTT, Jr., Appellant,**

v.

**STATE of Texas, State.**

**No. 2–82–130–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 2, 1983.

Charles H. Roach, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted by a jury of delivery of marihuana in an amount less than four ounces but more than one-fourth ounce. Appellant was sentenced to four years imprisonment and assessed a $5,000.00 fine.

Appellant raises three grounds of error: one, asserting the unconstitutionality of the Texas Controlled Substances Act, Tex.Rev. Civ.Stat.Ann. art. 4476–15 (Vernon 1976); the second, complaining of the trial court's refusal to consolidate two offenses for trial; and the third, asserting error in questions put to appellant concerning property found in his possession at the time of arrest.

We affirm.

In his first ground of error, appellant contends that at the time of his conviction, delivery of marihuana was no longer an offense due to the unconstitutionality of the Texas Controlled Substances Act. We disagree with this contention.

Appellant was convicted under the Texas Controlled Substances Act in its form as purportedly amended by House Bill 730, Acts 67th Leg., 1981, ch. 268, p. 696. The Court of Criminal Appeals has recently held this amendatory act to be unconstitutional under Tex. Const. art. III, sec. 36 for failure of the act's caption to adequately apprise its reader of the changes effected by the act. *See Ex parte Crisp,* No. 1044–82, (Tex.App. —Austin, September 14, 1983) (not yet reported). The holding in *Crisp,* however, does not necessarily render invalid the conviction in the case at bar.

If an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect. *Ex parte Crisp, supra; White v. State,* 440 S.W.2d 660, 667 (Tex.Cr.App.1969). Thus,

the Texas Controlled Substances Act stands as though the 1981 amendatory legislation had never been enacted. *Bass v. State,* No. 1049–82, (Tex.App.—Beaumont, September 14, 1983) (not yet reported).

The controlling, pre-amendment version of the Controlled Substances Act contains the following provisions in pertinent part:

(d) [A] person commits an offense if he knowingly or intentionally delivers marihuana.

(e) [A]n offense under Subsection (d) of this section is a felony of the third degree.

Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.05(d), (e) (Vernon 1976). The above provisions were in full force and effect at the time appellant delivered the marihuana in the instant case, thus making appellant's conduct in so doing a criminal offense.

Under the pre-amendment version of the Controlled Substances Act, appellant is subject to precisely the same range of punishment for the offense as under the provisions of the now void amendatory act. *Compare* Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.01(b)(3) (Vernon 1976) *with* Tex. Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.01(b)(3) (Vernon Supp.1982–1983).

■ The unconstitutionality of the 1981 amendatory legislation to the Controlled Substances Act does not render appellant's conviction invalid. Accordingly, appellant's first ground of error is overruled.

■ Appellant's second ground of error complains of the trial court's refusal to consolidate and try together the offense in the instant case with another offense which purportedly arose out of the same criminal episode. After a careful review of the record, we are unable to find any *other* offense for which appellant had been indicted. Appellant's motion for joinder and consolidation of offenses (which motion is included in the transcript) refers to a second cause number, but no indictment for this second cause number is included in the record. Appellant's brief also refers to a second offense, however, this court cannot accept as fact allegations or assertions in an appel-

lant's brief which are not supported by the record. *Beck v. State,* 573 S.W.2d 786, 788 (Tex.Cr.App.1978); *Tooke v. State,* 642 S.W.2d 514, 518 (Tex.App.—Houston [14th Dist.] 1982, no pet.). There being nothing in the record to support appellant's assertion of the existence of a second offense, nothing is presented for review. *Tooke, supra.*

■ Moreover, even had the record reflected another offense arising out of the same transaction, there is no requirement that the cases be consolidated on the defendant's request. *See Ex parte Charlesworth,* 600 S.W.2d 316, 317 (Tex.Cr.App. 1980). Consolidation of prosecutions is a matter that rests in the trial court's discretion. *Johnson v. State,* 509 S.W.2d 322, 323 (Tex.Cr.App.1974). Since there is no showing in the record that appellant had been indicted for the second offense on which he requested consolidation, or that the trial court would have had jurisdiction of such indictment, if any, appellant cannot show an abuse of discretion in the trial court's refusal to consolidate the offenses. *See Johnson, supra.*

Appellant's second ground of error is overruled.

Appellant next claims, in his third ground of error, that the trial court erred in permitting the prosecutor, during the punishment phase of the trial, to ask appellant about property found in his possession at the time of his arrest. The prosecutor was permitted, over objection, to question appellant about $250.00 he supposedly had hidden in his sock at the time of his arrest. Appellant never actually admitted having that amount of money in his sock when he was arrested.

■ At trial, appellant's objection to the question was grounded on the fact that it would have elicited testimony regarding an "extraneous offense." On appeal, his ground of error asserts that the testimony elicited by the question was "irrelevant" and of "no probative value." The error, if any, in the asking of the question has not been preserved for review because the ob-

jection raised at trial differs from the one raised on appeal. *See Carrillo v. State,* 591 S.W.2d 876, 892 (Tex.Cr.App.1979); *Depew v. State,* 634 S.W.2d 770, 772 (Tex.App.—Fort Worth 1982, pet. ref'd).

Even had the objection of irrelevancy been raised at trial, the determination of the relevancy of evidence as to property found on appellant at the time of his arrest was one within the sound discretion of the trial court. The decision of the trial court will not be overturned unless there is a clear abuse of discretion. *Williams v. State,* 535 S.W.2d 637, 639–40, (Tex.Cr.App. 1976); *Meek v. State,* 628 S.W.2d 543, 547, 548 (Tex.App.—Fort Worth 1982, pet ref'd). The money in question was found on appellant's person at the time of his arrest and as such, was a circumstance surrounding his arrest. The State is entitled to prove the circumstances surrounding arrest. *Williams, supra.* Appellant's possession of an amount of money which, by his own testimony, was greater than he usually carried on his person was relevant not only to his guilt, but also to the issue of the punishment to be assessed. There was no abuse of discretion in allowing the questions regarding the money on appellant's person at the time of arrest.

Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.