Marshall Lee ANDERSON, Appellant,

v.

STATE of Texas, State.

Nos. 2–83–074–CR, 2–83–075–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 3, 1983.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from convictions for delivery of a controlled substance, namely, methamphetamine of less than twenty-eight grams. Following a trial to the court, punishment was assessed by the court at fourteen years imprisonment in the Texas Department of Corrections.

Appellant raises three grounds of error, the first two complaining of the cross-examination and impeachment of appellant's testimony and the third, asserting the unconstitutionality of the Texas Controlled Substances Act due to a fatally defective caption.

We affirm.

We first address appellant's third ground of error relating to the unconstitutionality of the statute. Appellant was convicted under TEX.REV.CIV.STAT.ANN. art. 4476-15 (Vernon 1976) (Texas Controlled Substances Act), in its form as purportedly amended by the Legislature in 1981. The recent decisions of the Court of Criminal Appeals in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.App.—Austin, 1983) and *Bass v. State*, 661 S.W.2d 954. (Tex.App.—Beaumont, 1983) have held the 1981 amendatory act to the Controlled Substances

Act to be unconstitutional due to the act's defective caption. We therefore must examine the effect of the unconstitutionality of the 1981 legislation upon the conviction in the case at bar.

■ If an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause. *Crisp, supra; White v. State,* 440 S.W.2d 660, 667 (Tex.Cr.App.1969). The Texas Controlled Substances Act, therefore, stands as though the 1981 amendatory legislation had never been enacted. *Crisp, supra.*

■ Under the now controlling, pre-amendment version of the Controlled Substances Act, the knowing or intentional delivery of methamphetamine is a felony of the first degree. TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 4.03(b)(1) (Vernon 1976). Thus, at the time when appellant made the deliveries of methamphetamine in the instant case, there was a valid statute in effect making such deliveries a criminal offense regardless of the amount delivered. Appellant having committed an offense under the valid pre-amendment version of the Controlled Substances Act, the unconstitutionality of the 1981 amendatory act does not render the conviction invalid. *See Bass, supra.*

Appellant's third ground of error is overruled.

Appellant's first two grounds of error assert the deprivation of appellant's Fifth Amendment right against self-incrimination and the improper use of an extraneous offense during the punishment phase of the trial. The record reveals that appellant offered no witnesses during the guilt-innocence phase nor did appellant, himself, testify. The State rested its case and appellant then announced that he rested, at which point the following exchange took place between the court and counsel for appellant:

The Court: We try the whole thing at one time. It's not two stages; it's just one stage. Do you have any witnesses?

Mr. Harwell: I was going to call him [appellant] during the punishment stage.

The Court: Well, this is the punishment stage.

Mr. Harwell: Then, in the case in chief, we have no witnesses. We will call the Defendant, Marshall Lee Anderson, to prove up his Application for Probation.

The trial court had not, at this point in the proceedings, announced a finding of guilt. Appellant testified in support of his application for probation admitting the existence of a pending forgery indictment in the same trial court, but testifying that he could "make a success of probation." On cross-examination, appellant was asked the following questions, *to which no objection was interposed:*

Q: Did you make these two deliveries to Officer J.P. Tuck?

A. No, ma'am.

Q. You did not? Have you made any deliveries to any officer since then?

A. No, ma'am.

Q. Since you have been out on bond for these offenses—have you made any deliveries of methamphetamine to anybody since you have been out on bond?

A. No.

The State then offered the testimony of an Officer Caster to show that appellant had, in fact, delivered methamphetamine to a police informant subsequent to the deliveries with which he was charged. Objections to the officer's testimony as hearsay were twice sustained, but then no further objections were urged.

In his second ground of error, appellant argues that the questions propounded to him on cross-examination violated his Fifth Amendment privilege against self-incrimination.

Although appellant's brief is less than clear regarding his claim of deprivation of his right against self-incrimination, we perceive his complaint to be, at least, partially based on the fact that the State's questions were asked prior to announcement by the

trial court that he had found appellant guilty of the offenses with which he was charged. The trial court was under no duty to specifically announce his finding of guilt prior to the presentation of evidence on punishment since the provisions of TEX. CODE CRIM.PROC.ANN. art. 37.07 (Vernon 1981) relating to a bifurcated trial have been held to be inapplicable in a plea of not guilty *tried to the court. See Brumfield v. State,* 445 S.W.2d 732, 741–42 (Tex.Cr.App. 1969); *Stratman v. State,* 436 S.W.2d 144, 146 (Tex.Cr.App.1968).

█ As we have previously stated, no objection whatsoever was interposed to either of the questions asked by the State. Under these circumstances, the error, if any, in the State's inquiries has not been preserved for review. *Sanne v. State,* 609 S.W.2d 762, 772 (Tex.Cr.App.1980).

█ Even had appellant properly preserved the issue for review, we perceive no error in the State's questions. Appellant voluntarily took the stand to offer proof in support of his application for probation. By so doing, appellant waived his privilege against self-incrimination and subjected himself to the same rules as any other witness. *Bell v. State,* 620 S.W.2d 116, 124 (Tex.Cr.App.1980). Thus, appellant could be contradicted, impeached, *made to give evidence against himself,* cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of the defendant, except where a statute forbids certain matters to be used against him. *Bell, supra.* (Emphasis added). While we recognize that appellant may have taken the stand out of a practical necessity to support his application for probation, this is not a situation where appellant was compelled to surrender one constitutional right in order to assert another constitutional right. *Cf. Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (testimony of defendant in support of motion to suppress evidence on Fourth Amendment grounds may not be admitted against him at trial on the issue of guilt). Appellant's testimony in the instant case was not given for the purpose of asserting a constitutional right, but rather for the purpose of securing the privilege of probation.

We see no reason for limiting the waiver of the privilege against self-incrimination effected when appellant voluntarily took the stand.

Appellant's second ground of error is overruled.

Appellant's third ground of error complains that the testimony of Officer Caster constituted the impermissible use of an extraneous offense.

█ The objections interposed to Officer Caster's testimony were based solely on the ground that the testimony was hearsay. The objection made at trial does not comport with the ground of error raised on appeal and, therefore, nothing is presented for review. *Boyd v. State,* 643 S.W.2d 700, 706 (Tex.Cr.App.1982). Appellant's objections were sustained and no further relief was requested until the officer's testimony had been completed, at which point appellant moved for mistrial. This motion for mistrial was not timely and preserved nothing for review.

█ Even if appellant had properly preserved the issue for review, the State was entitled to introduce evidence of appellant's post-arrest conduct under the facts of the instant case. The Court of Criminal Appeals has consistently held that while the general rule is that specific acts of misconduct by the accused which have not resulted in final conviction are not admissible, the court will be reluctant to exclude otherwise legally admissible evidence which is relevant to a fair determination of an accused's application for probation. *Baxter v. State,* 645 S.W.2d 812, 816 (Tex.Cr.App.1983); *Cleveland v. State,* 502 S.W.2d 24, 26 (Tex. Cr.App.1973); *Davis v. State,* 478 S.W.2d 958, 959 (Tex.Cr.App.1972). In the case at bar, appellant had testified that he could "make a success of probation," thus, indicating that he could comply with the terms and conditions of probation. The evidence of appellant's post-arrest participation in precisely the same type of conduct for which he was being tried was, clearly, relevant to the determination of appellant's application for probation.

█ Additionally, we believe the evidence of appellant's post-arrest conduct was

admissible to impeach his testimony denying participation in any sales of methamphetamines while he was out on bond. It has recently been held that extraneous offenses are admissible for impeachment purposes, even if not reduced to final convictions, where they are used to correct a false impression left by the witness' testimony either on direct *or on cross-examination.* *Baxter, supra.* (Emphasis added).

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.