Esteban JUAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0950–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 11, 1984.

Stanley Schneider, Robert J. Sussman, Houston, for appellant.

Miguel Martinez, Galveston, for appellee.

Before JACK SMITH, BASS and CO-HEN, JJ.

## OPINION

JACK SMITH, Justice.

The appellant and his co-defendant, Karen Maria Holley, were convicted in a jury trial of possession of a controlled substance, to wit, cocaine, with intent to deliver the same. The court assessed punishment at twenty-five years in the Texas Department of Corrections. Ms. Holley's appeal was dismissed on her motion. The appellant asserts six grounds of error alleging error in the indictment and in the charge, ineffective assistance of counsel, and the unconstitutionality of the statute under which he was prosecuted.

The appellant does not challenge the sufficiency of the evidence; therefore, any necessary facts will be enumerated in the respective grounds of error.

The appellant initially asserts that the indictment was fundamentally defective in that it failed to give the appellant notice as to the nature of the charge against him. He contends that because the indictment alleged that he "... did then and there intentionally and knowingly possess a controlled substance, to wit: cocaine with intent to deliver in the amount of 28 grams or more but less than 400 grams by aggregate weight including any adulterants or dilutants," it failed to give him notice of whether he was charged with (1) aggravated possession of a controlled substance or (2) aggravated possession of a controlled substance with intent to deliver.

The 1981 amendment to the Controlled Substances Act stated, in pertinent part, as follows:

(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group I.

(c) A person commits an aggravated offense if the person commits an offense under Subsection (a) of this section and the amount of the controlled substance manufactured, delivered, or possessed with intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, 28 grams or more.

(d) An offense under Subsection (c) of this section is:

(1) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine not to exceed $50,000, if the amount of the controlled substance manufactured, delivered, are possessed with intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, 28 grams or more but less than 200 grams;

(2) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000, if the amount of the controlled substance manufactured, delivered, or possessed with the intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, 200 grams or more but less than 400 grams;

Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.-03(a)(c)(d)(1)(2), Ch. 268, sec. 4.03, 1981 Tex. Gen.Laws 698.

The 1981 amendments to Art. 4476–15 were declared unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983). In *Crisp*, the Texas Court of Criminal Appeals stated that if an amendment to an act is declared unconstitutional, the original act remains in full force, even if the amendment has no savings clause. *Crisp*, 661 S.W.2d at 948. Thus, the pre-amendment Controlled Substances Act remained in

force as though the 1981 amendment had never been enacted.

The pre-amendment version of Tex.Rev. Civ.Stat.Ann. art. 4476–15, sec. 4.03 in pertinent part, provided:

Sec. 4.03. (a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4.

(b) an offense under Subsection (a) of this section with respect to:

1) a controlled substance in Penalty Group 1 is a felony of the first degree. (Vernon 1976).

Sec. 4.02(b)(3)(D) provided that cocaine was a controlled substance included in Penalty Group 1. *See* Tex.S.B. 322, 66th Leg. (1979) (Controlled Substances—Schedules and Penalty Groups, Ch. 598, 1979 Tex. Gen.Laws 1288).

Felonies of the first degree were punishable under the pre-1981 amendment "by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years."

The appellant's contention under this ground of error is based upon the 1981 amendment to article 4476–15, sec. 4.03. Although the trial judge overruled the appellant's motion that the amendment be held unconstitutional, it is manifest that the trial court conducted the trial under the pre-1981 version of article 4476–15. Thus, its charge to the jury did not contain any reference to the weight of the controlled substance as was required by the 1981 amendment. This observation is fortified by the following statements made by the trial judge:

THE COURT: Alright. We argued something about the possible range, and because of the question of the constitutionality as to the Controlled Substances Act, the court has decided to go with the Austin Court of Appeals, and that puts us within a minimum range, the minimum being what, Mr. James, five years?

MR. JAMES: Five years to life, Your Honor.

THE COURT: Is that your understanding, Mr. Rocha?

MR. ROCHA: Yes, it is, Judge.

This conversation between the judge and counsel indicated that the judge was following the opinion of the Court of Appeals, 3rd District, in Austin which had declared that the caption to House Bill 730, which was the 1981 amendment to the Texas Controlled Substances Act, was defective, and the bill was unconstitutional. *Crisp v. State*, 643 S.W.2d 487 (Tex.App.—Austin 1982), *aff'd*, 661 S.W.2d 944 (Tex.Crim.App. 1983).

■ Applying the appellant's complaints to the applicable law (pre-1981 Controlled Substances Act) we find that the indictment tracked the language of the statute which was fully descriptive of the offense. We further find that the statute classified the offense in Penalty Group 1 and that the range of punishment for that penalty group was set forth in clear and unambiguous language. We hold that the appellant had fair notice of the offense for which he was charged and the applicable range of punishment.

In connection with this ground of error we make two observations: (1) the trial judge, Hon. Judge I. Allen Lerner, Judge of the 10th Judicial District Court in Galveston County, is to be commended for perceiving the constitutional defect in House Bill 730; (2) ironically, the appellant's ground of error would have been valid had House Bill 730 been held to be constitutional because the quantity of cocaine alleged encompassed two different punishment ranges.

The appellant's ground of error number one is overruled.

■ In ground of error number two, the appellant argues that the charge was fundamentally defective in that it failed to charge the jury on the law as it applied to the facts. He asserts that the trial court failed to include all necessary elements of the offense in the charge.

The pertinent part of the charge about which the appellant complains reads as follows:

Now, if you find from the evidence beyond a reasonable doubt that Estaban Juarez on or about July 7, 1982 did intentionally or knowingly possess a controlled substance, to wit: Cocaine with intent to deliver you will find Estaban Juarez guilty of possession of cocaine with intent to deliver.

If you do not so find then you will next consider whether Estaban Juarez is guilty of possession of cocaine.

Now if you find from the evidence beyond a reasonable doubt that Estaban Juarez on or about July 7, 1982 did intentionally or knowingly possess a controlled substance, to wit: Cocaine, you will find Estaban Juarez guilty of possession of cocaine.

If you do not so find you will next consider whether Estaban Juarez is guilty of felony possession of marijuana.

Now therefore if you find from the evidence beyond a reasonable doubt that Estaban Juarez on or about July 7, 1982 did intentionally or knowingly possess a usable quantity of marijuana in the amount of more than four 4 ounces you will find Esteban Juarez guilty of felony possession of marijuana.

Once again, the appellant's contentions are based upon the 1981 amended version of Art. 4476–15. In the instant case, if we ignore the 1981 amended version of Art. 4476–15, as we are told to do in *Ex parte Crisp*, 661 S.W.2d at 948, we find the application paragraph tracks both the indictment and the applicable statutory language. We also note that the appellant did not assert in the trial court the objection he now levels on appeal with respect to the charge. We hold the application paragraph as given by the trial court did not have any defect under the applicable law which injured the rights of the appellant. *See Garcia v. State*, 630 S.W.2d 914 (Tex.App.— Amarillo 1982, no pet.). The appellant's ground of error number two is overruled.

In ground of error number three, the appellant contends that the charge had such fundamental errors that it prevented him from receiving a fair and impartial trial. He alleges that the court failed to:

1) distinguish between the two counts of the indictment including marijuana and cocaine;

2) distinguish between possession of a controlled substance, to wit: cocaine with intent to deliver, and the lesser offense of possession of a controlled substance, to wit: cocaine.

The State contends that the appellant's ground of error is multifarious, and that this court is precluded from reviewing it. *See Ely v. State*, 582 S.W.2d 416 (Tex.Crim. App.1979). Although this contention may be true, Tex.Code Crim.Proc.Ann. art. 40.- 09(9) (Vernon Supp.1984) permits a review of grounds of error even though there may be generality, vagueness or other technical defects in appellant's brief.

When fundamental error is alleged and the appellant has made no objection to the charge and requested no special instruction, we must consider the entire charge to determine whether the error is such as is calculated to injure the rights of the appellant or denied him a fair and impartial trial. *Gant v. State*, 606 S.W.2d 867 (Tex.Crim.App.1980). The reviewing court normally looks to the application paragraph in the charge in determining whether there is a reversible error. *Pulgarin v. State*, 635 S.W.2d 195 (Tex.App.— Houston [1st Dist.] 1982, no pet.).

We hold that the charge directly applied the applicable law to the facts of the case, and that it sufficiently distinguished the offenses raised by the evidence.

The appellant additionally alleges that there is a fundamental variance between the indictment and the court's charge. He has not identified the specific variance to which he alludes and we observe none. The appellant's ground of error number three is overruled.

In ground of error number four, the appellant contends that he was entitled to a limiting instruction in the charge "that the mere possession of a large quantity of drugs is not sufficient to convict a person for aggravated possession of a controlled substance with intent to deliver." The State urges that the ground of error is multifarious because the appellant refers to the aggravating features in the indictment concerning the weight of the cocaine, and also the appellant alleges that the court did not distinguish between possession with intent to deliver and possession of cocaine.

Appellant's reference to the aggravating features concerning the weight of the cocaine is just another way of saying he was entitled to a limiting instruction in the charge. Further, his allegation that the trial court did not distinguish between "possession with intent to deliver" and "possession of cocaine" was covered in the previous ground of error. Under these circumstances, we are of the opinion that no harm is shown.

In support of his arguments that he was entitled to a limiting instruction, appellant cites Cobarrubio v. State, 675 S.W.2d 749 (Tex.Crim.App.1983) (motion for reh'g requested). In Cobarrubio, the Court of Criminal Appeals held that the burden to prove lack of "sudden passion" is on the State, and the court reversed and remanded the case because the application paragraph failed to include such an instruction in the "murder" paragraph, and only included it in the "voluntary manslaughter" paragraph. In Cobarrubio, the evidence raised the issue of "sudden passion." Thus, the application paragraph concerning "murder" should have placed the burden upon the State to prove lack of "sudden passion." The appellant objected to the form of the submission.

■ Although Cobarrubio may have a tenuous connection to the instant case, we believe it is distinguishable for two reasons. First, the appellant made no objection in the instant case that the limiting instruction was not included. Under such circumstances, he has waived any objection other than fundamental error. See Manry v. State, 621 S.W.2d 619 (Tex.Crim.App. 1981); Hughes v. State, 612 S.W.2d 581 (Tex.Crim.App.1981); Williams v. State, 508 S.W.2d 83 (Tex.Crim.App.1974). Secondly, the limiting instruction, about which the appellant now complains, was applicable only under the provisions of the amended Controlled Substances Act. That Act has now been held unconstitutional. See Ex parte Crisp, 661 S.W.2d at 948. Thus, under the pre-amended Controlled Substances Act, the limiting instruction would have been improper. As we have heretofore observed, the charge was prepared under the law applicable prior to the 1981 Controlled Substances Act amendment, and when the charge is read as a whole, it properly applied the law, and it does not contain fundamental error and does not deprive the appellant of a fair and impartial trial. The appellant's ground of error number four is overruled.

In his fifth ground of error, the appellant contends that he was denied effective assistance of counsel because his attorney represented both him and his co-defendant. He argues that although he executed a waiver, he did not waive any potential conflicts of interest. He alleges that the two defendants had a different degree of culpability and different defenses and that their attorney had to serve two masters with conflicting defenses.

The waiver signed by the appellant states as follows:

BEFORE ME, the undersigned authority, a Notary Public in and for Galveston County, Texas, on this day personally appeared ESTEBAN JUAREZ who after having been by me duly sworn, upon his oath deposes and says:

My name is ESTEBAN JUAREZ. I am the defendant in the above styled and numbered cause. My attorney of choice is Thomas Rocha of San Antonio, Texas. I am aware of the fact that Karen Maria Holley is charged with the same offense that I now stand charged with. I feel that there is no conflict of interest in Mr.

Rocha representing both myself and Karen Maria Holley. The possibilities of conflict of interest have been explained to me by the Court. The Court has further advised me that the Court will appoint another lawyer to represent me, and upon proof of indigency, at no cost to me. However, I have refused such an appointment and request that Mr. Rocha be permitted to represent me. This waiver has been read and explained to me by an interpreter.

The Court of Criminal Appeals has stated that there is no necessity to discuss the merits of whether there is a conflict of interest sufficient to render an attorney disqualified for representing a defendant if the defendant has waived his right to conflict-free counsel in a knowing and voluntary manner. However, there must be a showing that the defendant: 1) is aware of the conflict of interest; 2) realizes the consequences of continuing with such counsel; and 3) is aware of his right to obtain other counsel. *Ex parte Prejean*, 625 S.W.2d 731 (Tex.Crim.App.1981).

Although the appellant, in his brief, alleges that he was not admonished by the trial court, the record belies this contention. In addition to the written waiver shown above, the record reflects that the court provided the appellant with an interpreter and orally advised him of the possible conflict of his attorney representing the two defendants, told him the court would appoint another attorney, and asked him if he was choosing to keep his attorney freely and voluntarily. The appellant advised the court that he wanted to keep his attorney.

■ We hold that the three-prong test set forth in *Prejean*, 625 S.W.2d at 733, was met by the trial court when it obtained the signed waiver from the appellant and thoroughly apprised him of his rights. The appellant's ground of error number five is overruled.

■ In his final ground of error, the appellant contends that the jury heard voir dire on aggravated possession with intent to deliver and that this argument had a highly prejudicial effect on his conviction. He argues that he was convicted of aggravated possession of cocaine with intent to deliver when, in fact, the statute on the aggravated form of possession with intent to deliver was declared unconstitutional. *Ex parte Crisp*, 661 S.W.2d at 948. Although the appellant raises an interesting point about the prejudicial effect on his trial and conviction, the case law does not support his contention. This court recently held in *Vega v. State*, 662 S.W.2d 667 (Tex. App.—Houston [1st Dist.] 1983, no pet.), that although a defendant was convicted of possession of heroin under the unconstitutional H.B. 730 (Art. 4476-15 as amended in 1981. *See* Tex.H.B. 730, 67th Leg. [1981]), a conviction was not rendered invalid. In a similar case before the Fort Worth Court of Appeals, the court said:

> Thus, at the time when appellant committed the offense in the instant case, there was a valid statute in effect which made it a criminal offense to possess heroin, regardless of the amount possessed. The unconstitutionality of the amendatory act does not render appellant's conviction invalid.

*Whaley v. State*, 660 S.W.2d 894, 897 (Tex. App.—Forth Worth 1983, no pet.) (op. on reh'g). *See also, Prescott v. State*, 660 S.W.2d 599 (Tex.App.—Fort Worth 1983, pet. ref'd); *Anderson v. State*, 659 S.W.2d 932 (Tex.App.—Fort Worth 1983, no pet.).

The appellant's contention is innovative, but we perceive no harm because of the voir dire statements. The appellant's ground of error number six is overruled.

The judgment of the trial court is affirmed.