Joe Martinez **COBARRUBIO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63801.

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1983.

Rehearing Denied Sept. 26, 1984.

Dennis W. McGill, Lubbock, for appellant.

John T. Montford, Dist. Atty. and Earl Harcrow, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Appeal is taken from a conviction for murder [1] in which the jury assessed punishment at 40 years confinement. We confront at the outset an error in the trial which was calculated to injure the rights of the accused, Article 36.19, V.A.C.C.P., and are therefore constrained to reverse the conviction obtained.

The evidence reflected that during an altercation the deceased was struck in his head by one of four shots fired by appellant with a .25 caliber automatic pistol. According to appellant's testimony, he was on his way to the country to try out his new pistol when he confronted the deceased, who had quarreled with a cousin of appellant a few days before. Encountering provocative language, then conduct, appellant testified he prepared to defend himself; the deceased kicked him in the stomach, then twice in the face. In a dazed state, appellant pulled his pistol and fired in the direction of the deceased.

---

**1.** V.T.C.A. Penal Code, § 19.02, provides in relevant part:

"(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;"

Apparently without a request from appellant, the trial court included an instruction on, *inter alia,* the lesser included offense of voluntary manslaughter[2] in the jury charge.[3] Appellant did, however, object to the paragraphs containing the respective applications of the law of murder and voluntary manslaughter to the facts of the case on the ground that each improperly applied the law to the facts. These objections should have been sustained.

In *Braudrick v. State,* 572 S.W.2d 709, 710 (Tex.Cr.App.1978), the Court examined the relationship between murder[4] and voluntary manslaughter,[5] observing the language of V.T.C.A. Penal Code, § 19.04 "creates [an] illusion that voluntary manslaughter has one additional element not found in murder."[6] In order to conclude that voluntary manslaughter is a lesser offense included in the offense of murder, the Court effaced the "illusion" as follows:

"The distinguishing feature between murder and voluntary manslaughter is not a fact that must be proven beyond a reasonable doubt to establish voluntary manslaughter, nor is it a fact that must be disproven by the State to establish murder in the absence of some evidence raising an issue as to that fact. If the issue is raised, *then it must be disproven to establish murder,* and a reasonable doubt on the issue requires acquittal on the murder charge and allows conviction only for voluntary manslaughter.[7]

\* \* \* \* \* \*

We therefore hold that causing death 'under the immediate influence of sudden passion arising from an adequate cause' is in the nature of a defense to murder that reduces that offense to the lesser included offense of voluntary manslaughter, and that the State need not prove such influence beyond a reasonable doubt to establish voluntary manslaughter, but that *if raised by the evidence [the State] must prove the absence of such influence beyond a reasonable doubt to establish murder."*

572 S.W.2d at 711.

With the nature of the "element" of "sudden passion" in mind, it becomes apparent not only that the burden of proving the lack of sudden passion must be placed upon the prosecution, but also that this burden must be so placed in the paragraph of the charge applying the law of murder to the facts of the case.[8]

2. V.T.C.A. Penal Code, § 19.04(a), provides:
"A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this Code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause."

3. *Humphries v. State,* 615 S.W.2d 737 (Tex.Cr. App.1981):
"[W]e find no error was committed by the submission of a charge on voluntary manslaughter, a lesser included offense of murder, even over appellant's objection," *id.,* at 739.

4. See n. 1, *ante.*

5. See n. 2, *ante.*

6. "Sec. 19.04, supra, suggests that voluntary manslaughter is murder *plus* acting from a sudden passion, etc." *Braudrick,* supra, at 710. [Emphasis original]

7. All emphasis is mine unless otherwise indicated.

8. For an example of a proper charge see McClung, Jury Charges for Texas Criminal Practice (Jan. 1981) 47, 48, which states in pertinent part:
"4.
Now, if you find from the evidence beyond a reasonable doubt that on or about the _____ day of _____, 19__ in _____ County, Texas, the defendant, AB, did intentionally or knowingly cause the death of an individual, CD by shooting him with a gun, and that the defendant, *in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then* you will find the defendant guilty of murder, as charged in the indictment.
\* \* \* \* \* \*
5.
If you find from the evidence beyond a reasonable doubt that on or about the _____ day of _____, 19__ in _____ County, Texas, the defendant, AB, did intentionally or knowingly cause the death of an individual, CD, by shooting him with a gun, but you further find and believe from the facts and circumstances in evidence in the case that the defendant, in killing the deceased, if he did, acted under the

In the instant case, the court instructed the jury in pertinent part as follows:

"...[If] you believe from the evidence beyond a reasonable doubt, that on or about the 23rd day of May, 1978, in the County of Lubbock and State of Texas, as alleged in the indictment, the defendant, JOE MARTINEZ COBARRUBIO, did then and there intentionally and knowingly cause the death of an individual, Javier Gutierrez, by shooting him with a gun, *then you will find* the defendant, JOE MARTINEZ COBARRUBIO, *guilty of murder* as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether defendant is guilty of murder, *then* you will *acquit* him of murder *and* next *consider* whether he is guilty of voluntary manslaughter."

Thereafter the jury was for the first time instructed in the abstract on the law of voluntary manslaughter and the definitions of "sudden passion" and "adequate cause." The application paragraph concerning voluntary manslaughter essentially tracked that suggested by McClung, Jury Charges for Texas Criminal Practice (Jan. 1981) 47, 48. See n. 8, *ante.*[9]

With the defensive issue of sudden passion deleted from the paragraph on murder and placed *only* in the voluntary manslaughter paragraph as it is here, there exists a decided likelihood that a jury would affirmatively answer the murder paragraph, never having considered the defensive issue of sudden passion which would reduce the offense of murder to the lesser included offense of voluntary manslaughter. Thus, if the jurors followed the court's instructions to the letter—indeed, we must presume they did—the State's burden of proof was significantly diminished and appellant was denied an opportunity to have the jury determine his guilt on the issue of murder as interpreted by the Court in *Braudrick,* supra. Under these circumstances, this error precipitated a denial of due process of law in the most fundamental sense.

The judgment of conviction is reversed and the cause is remanded to the trial court.

CAMPBELL, J., concurs in result.

McCORMICK, Judge, dissenting to the denial of State's Motion for Leave to File Motion for Rehearing without written opinion.

On original submission, this Court, relying on *Braudrick v. State,* 572 S.W.2d 709 (Tex.Cr.App.1978), found that the "element" of "under the immediate influence of sudden passion arising from an adequate cause" is in the nature of a *defense* to the offense of murder that must be disproved by the State if raised by the evidence in order to establish the offense of murder. The opinion on original submission then went on to boldly state without statutory or case authority that:

"With the nature of the 'element' of 'sudden passion' in mind, it becomes apparent not only that the burden of proving the lack of sudden passion must be placed upon the prosecution, but also that this burden must be so placed in the

---

immediate influence of sudden passion arising from an adequate cause, or if you have a reasonable doubt as to whether he so acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter."
See also Texas Criminal Pattern Jury Charges, CPJC 19.02(VM) at 119–120.

**9.** A notable departure, however, was an alternative paragraph authorizing appellant's conviction for voluntary manslaughter if the jury found "sudden passion," etc. and an "intent to cause serious bodily injury" coupled with commission of "an act clearly dangerous to human life that caused the death of the deceased."

Because the indictment did not allege murder under § 19.02(a)(2), it was improper for the court to authorize a conviction for voluntary manslaughter under that theory. Appellant's specific objection on this ground was also improperly overruled; this error should be avoided in the event of a retrial. See and compare *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App. 1978).

paragraph of the charge applying the law of murder to the facts of the case."

The opinion then went on to make the novel holding that where the charge was worded with the defensive issue of sudden passion deleted from the paragraph on murder and placed *only* in the voluntary manslaughter paragraph there existed a likelihood that the jury would affirmatively answer the murder paragraph and never even consider the defensive issue of sudden passion.

It has long been the general rule that a reviewing court should read the charge as a whole. *Doyle v. State*, 631 S.W.2d 732 (Tex.Cr.App.1982) (Opinion on Rehearing). This rule, however, is not applicable when an entire element of the offense is omitted from the application paragraph. *Doyle v. State*, supra (where the culpable mental state was omitted from the jury charge).

The Court's opinion on original submission relied on *Braudrick v. State*, supra, in its analysis of the "elements" of murder and voluntary manslaughter. In *Braudrick*, a panel of this Court found that the fact that the accused was "not acting under the immediate influence of sudden passion arising from an adequate cause" was an implied element of murder, as distinguished from a statutory element (see V.T.C.A., Penal Code, Section 19.02) and must be proved only where the evidence adduced at trial raised the issue that the accused was acting under such an influence. But, the author of the Court's opinion in *Braudrick* also went on to write that the fact that the defendant was acting "under the immediate influence of sudden passion arising from an adequate cause" is in the nature of a defense to murder that reduces the offense to voluntary manslaughter.

So, although not quite an element of murder, this issue of "sudden passion" does in fact seem to be a defense to murder and as a matter of burden of proof is to be treated like a defense.

I submit that, according to *Braudrick*, "sudden passion" is then not an element that must be charged in the application paragraph of murder. In fact, if we read *Braudrick* closely, we see that the panel therein approved the court's charge which in essence is identical to the charge before us today.[1] Since the absence of sudden passion is not an element (statutory) of murder, proper review of the court's charge is to read it as a whole. *Doyle v. State*, supra. Taken as a whole, the charge as worded requires the jury to consider *all* the elements of murder as well as the defense of sudden passion. There is no error, much less fundamental error in the charge in the instant case.

To hold that error is present in the charge as given presumes that the jury reads portions of the charge in a vacuum. I would show the Court that in paragraph 17 the court instructed the jury as follows:

"In your deliberations you will consider this charge as a whole...."

Clearly, upon reading the charge as a whole, one finds complete and correct instructions to the jury on the law of murder and voluntary manslaughter.

If we extend the position of the opinion on original submission to its logical end, this Court would have to hold that in every case failure to include every defense raised by the evidence in the paragraph applying the law of the primary offense to the facts

---

1. "Here, although the implied element of murder was not charged in the murder paragraph of the jury instruction, it was adequately charged in the voluntary manslaughter paragraph. That portion of the jury instructions charged:

"'Now if you find beyond a reasonable doubt that on or about the 29th day of October, 1974, in Aransas County, Texas, the defendant, Les Newton Braudrick, did then and there intentionally or knowingly cause the death of an individual, K.W. Smith, by stabbing him with a knife, but you further find

and believe from all the facts and circumstances in evidence in the case, the defendant, in killing the deceased, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, *or if you have a reasonable doubt as to whether defendant acted under the immediate influence of a sudden passion arising from an adequate cause,* then you will find the defendant guilty of voluntary manslaughter. (Emphasis added)'" *Braudrick v. State*, supra, at 710, 711.

of a case would be fundamental error. It would also follow that in instances where a trial court is submitting the offense of murder and the lesser included offense of involuntary manslaughter, the absence of reckless conduct should also be submitted in the paragraph applying the law of murder to the facts. This reasoning could also be applied in cases where criminally negligent homicide is being submitted as the lesser included offense of murder. Such reasoning taken to its extreme would totally disrupt the current format for the submission of jury charges.

The speculative conclusion made by the opinion on original submission assumes that juries never read past the paragraph applying the law to the facts. If this is so, why doesn't this court just take the final leap and do away with every portion of the charge except the paragraph applying the law to the facts.

This is not to say that the Court is wrong in saying that it would be acceptable to include the absence of "sudden passion" in the paragraph applying the law of murder to the facts. However, there are other proper ways of submitting the defensive issue of sudden passion and the charge as submitted in the instant case contains one of those acceptable ways.

Finally, this Court has held that it is not fundamental error for failure to give a charge on defensive theories. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Cr.App.1983); *White v. State*, 495 S.W.2d 903 (Tex.Cr. App.1973); *Paredes v. State*, 500 S.W.2d 160 (Tex.Cr.App.1973). If these cases are correct, how can it be fundamental error to charge on defensive theories?

Because I find that the reasoning of the opinion on original submission erroneous and I feel that rehearing should be granted, I must dissent to the Court's denial of the State's motion for leave to file a motion for rehearing.

W.C. DAVIS, J., joins in this dissent.