**Jerold William David WALTERS, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 11–83–233–CR.**

Court of Appeals of Texas, Eastland.

July 12, 1984.

William T. Reece, Jr., Charles D. Butts, San Antonio, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

DICKENSON, Justice.

The jury convicted Jerold William David Walters of murder[1] and assessed his punishment at confinement for 25 years.[2] We affirm the conviction.

---

1. TEX. PENAL CODE ANN. sec. 19.02 (Vernon 1974) defines the offense and declares it to be a felony of the first degree.

2. TEX. PENAL CODE ANN. sec. 12.32 (Vernon Supp.1984) authorizes the punishment for a felony of the first degree as confinement for life or for any term of not less than five nor more than

Appellant has briefed four grounds of error. There is no challenge to the sufficiency of evidence. Further, the evidence is clearly sufficient to support the jury's finding that:

> [O]n or about the 14th day of November 1982 ... Jerold William David Walters did then and there, intending to cause serious bodily injury to an individual, Pamela Byers, commit an act clearly dangerous to human life, to-wit: by hitting her with his hands and fists; and by throwing and pushing her against a door; and by manner and means unknown to the Grand Jurors, thereby causing the death of said individual.

Appellant testified in his own defense, and his testimony raised the defensive issue of "sudden passion arising from an adequate cause" under TEX. PENAL CODE ANN. sec. 19.04 (Vernon 1974). The trial court charged the jury on murder under Section 19.02(a)(1), supra; murder under Section 19.02(a)(2), supra; voluntary manslaughter under Section 19.04, supra; aggravated assault;[3] and assault.[4] The jury made its finding of guilt under Section 19.02(a)(2), supra. The relevant portion of the charge reads:

> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Jerold William David Walters, on or about the 14th day of November, 1982, in the County of Taylor and State of Texas, as alleged in the second count of the indictment, did then and there intending to cause serious bodily injury to an individual, namely Pamela Byers, commit an act clearly dangerous to human life, to-wit: by hitting her with his hands and fists; and by throwing and pushing her against a door; and by manner and means unknown to the Grand Jurors, thereby causing the death of said individual, then you will find the

defendant guilty of the offense of murder as alleged in the second count of the indictment, but if you do not so believe or if you have a reasonable doubt thereof then you will acquit the defendant of the charge alleged in the second count of the indictment, and proceed to consider whether the defendant is guilty of the lesser included offense of voluntary manslaughter.

> The offense of voluntary manslaughter is committed if a person intentionally or knowingly causes the death of an individual under the immediate influence of a sudden passion arising from an adequate cause.

> The term "sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense, and is not solely the result of former provocation.

> The term "adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection.

> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Jerold William David Walters, in the County of Taylor, State of Texas on or about the 14th day of November, 1982, did then and there intentionally or knowingly cause the death of an individual, namely Pamela Byers, by hitting her with his hands and fists; and by throwing and pushing her against a door; and by manner and means unknown to the Grand Jurors, thereby causing the death of said individual, the defendant was acting under the immediate influence of a sudden passion arising

---

99 years. An optional fine of not more than $10,000 is also authorized.

**3.** TEX. PENAL CODE ANN. sec. 22.02(a)(1) (Vernon Supp.1984) defines this offense and declares it to be a felony of the third degree.

**4.** TEX. PENAL CODE ANN. sec. 22.01(a)(1) (Vernon Supp.1984) defines this offense and declares it to be a Class A misdemeanor.

from an adequate cause, you will find the defendant guilty of the offense of voluntary manslaughter, and so say by your verdict. But if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of voluntary manslaughter and proceed to consider whether the defendant is guilty of the lesser included offense of aggravated assault.

■ There was no objection to this charge. TEX. CODE CRIM.PRO.ANN. art. 36.19 (Vernon 1981) specifically provides that all objections to the charge "shall be made at the time of the trial." Appellant raises the most serious issue of this appeal in Ground of Error Number One which reads as follows:

The trial court committed fundamental error in the jury instructions and a fundamental due process right of the defendant was violated because the defensive issue of sudden passion was deleted (sic. omitted) from the charging paragraph on murder and placed only in the voluntary manslaughter paragraph, thereby incorrectly stating the State's burden of proof.

Appellant relies upon *Cobarrubio v. State,* 675 S.W.2d 749 (Tex.Cr.App.—1983) (en banc). In *Cobarrubio* there were timely objections to the charge, and the holding of the case is that: "These objections should have been sustained." Consequently the holding of that case does not support appellant's first ground of error. We acknowledge that there is language in the opinion supporting appellant's contention; however, that case is still pending on motion for rehearing, and we decline to follow its dicta ("denial of due process of law in the most fundamental sense") because of the holding in *Braudrick v. State,* 572 S.W.2d 709 at 710 (Tex.Cr.App.1978):

[A]lthough the implied element of murder (absence of sudden passion arising from an adequate cause) was not charged in the murder paragraph of the jury instruction, it was adequately

charged in the voluntary manslaughter paragraph.

See also *Ex Parte Buggs,* 644 S.W.2d 748 (Tex.Cr.App.1983, en banc) where the Court notes in footnote 3 that "the jury had been properly charged" in *Braudrick.* We overrule the first ground of error.

■ In the second ground of error appellant complains of the admission of his oral statements which allegedly forced him to "take the stand to explain his oral statement to the jury." First, we note that during the voir dire examination of the jury panel, before the court's ruling on the oral statements, appellant's lawyer informed the jurors that "the defendant in this case, I can tell you right now, will take the stand." Second, and much more important, those oral statements were made over the telephone. During his investigation the Police Chief called from Merkel to the hospital in Abilene and talked with appellant. Clearly, the oral statements were not the product of "custodial interrogation." See TEX. CODE CRIM.PRO.ANN. art. 38.22, sec. 3 and sec. 5 (Vernon Supp.1984). The second ground is overruled.

■ Next, appellant argues that the trial court erred in failing to make findings of fact and conclusions of law as to the written confession which was suppressed. The third ground is overruled because TEX. CODE CRIM.PRO.ANN. art. 38.22, sec. 6 (Vernon 1979) specifically states:

If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion ... along with the specific findings of facts....

Here, the statement was suppressed, and there is no requirement for entry of an order stating the conclusion and supporting facts upon which the court based its decision unless the written statement is "found to have been voluntarily made and held admissible."

**632**

Finally, appellant argues that the trial court erred in failing to grant his motion to quash the indictment.

■ Count One correctly alleged that the offense was "anterior to the presentment" of this indictment. Count Two alleged that the offense was "anterior presentment" of this indictment. We hold that the omission of the words "to the" does not render the indictment defective. The second count, upon which the finding of guilty was made, reads in full:

THE GRAND JURORS AFORESAID, upon their oaths aforesaid, in said County and State, at said Term, do further present in and to said Court that on or about the 14th day of November, 1982, and anterior presentment of this Indictment, in the County and State aforesaid, *JEROLD WILLIAM DAVID WALTERS* did then and there, intending to cause serious bodily injury to an individual, Pamela Byers, commit an act clearly dangerous to human life, to-wit: by hitting her with his hands and fists; and by throwing and pushing her against a door; and by manner and means unknown to the Grand Jurors, thereby causing the death of said individual.

The date mentioned in the indictment (November 14, 1982) is clearly prior to the date of the indictment (January 21, 1983). There is no violation of TEX. CODE CRIM. PRO.ANN. art. 21.02(6) (Vernon 1966). *Eshom v. State*, 48 S.W.2d 631 (Tex.Cr. App.1932), cited by appellant, is distinguishable because that case discussed an indictment which alleged that the offense occurred six days after the date upon which the indictment was filed. See also TEX. CODE CRIM.PRO.ANN. art. 21.19 (Vernon 1966) which provides that an indictment shall not be held insufficient because of "any defect of form which does not prejudice the substantial rights of the defendant." Appellant's rights were not prejudiced by this defect of form. The fourth ground of error is overruled.

The judgment of the trial court is affirmed.