Genaro CANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00057–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 14, 1984.

David R. Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Robert Reaves, Kirk B. Sherman, Margaret M. Embry, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

### OPINION

TIJERINA, Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon. TEX.PENAL CODE § 22.02(a)(4). The jury found appellant guilty as charged and assessed his punishment at five (5) years' confinement plus a $5,000.00 fine. The amended motion for new trial was overruled.

■■■ Appellant does not challenge the sufficiency of the evidence. His first ground of error complains of ineffective assistance of counsel on constitutional grounds. Texas courts determine this claim under the "reasonably effective assistance standard." *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). Counsel's performance is evaluated from the totality of the representation. *Archie v. State*, 615 S.W.2d 762, 765 (Tex.Crim. App.1981). Each case must be assessed on its own particular facts. *Ex parte Gallegos*, 511 S.W.2d 510, 511 (Tex.Crim.App. 1974). "We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir.1960), *modified on other grounds, per curiam*, 289 F.2d 928 (5th Cir.), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). The right to assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution, made mandatory on the States by the Fourteenth Amendment. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The United States Supreme Court addressed the ineffective assistance of counsel question in *Strickland v. Washington*, — U.S. ——, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984) and now requires an appellant to show that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."

Appellant's specific complaint is that defense counsel failed to object to testimony about extraneous offenses given at the punishment phase of the trial. De La Garza testified that on a prior occasion appellant pointed a gun at his two workers and then fired in his direction, striking behind the seat of his truck. He stated that appellant had been charged with assault with a deadly weapon but the case was dismissed because the district attorney did not bring the matter to trial within the 90-day period. Appellant's counsel did not object to any of this testimony, but on cross-examination he was able to establish that there was a continuing controversy between the witness and appellant. There was a pending lawsuit whereby appellant accused this witness of trespass. Some other complaints filed against appellant were filed by the witness' workers. He further brought out through this witness that appellant had no prior convictions.

■■■ The witness Julio Hernandez testified that appellant took shots at his chickens and turkeys and poisoned his ducks and dogs. Appellant's counsel did not object to this testimony. On cross-examination defense counsel established that all of the witness' complaints on cruelty to animals were dismissed. The witness admitted having problems and being accused by appellant of stealing a pool-table, arson and dealing in narcotics. Thus, we cannot conclusively say that counsel's failure to object was not trial strategy. The jury at the punishment phase was told that it could within its discretion recommend probation. But this jury was the same jury that found appellant guilty and heard the State's witnesses Adair, Gonzalez, and Hernandez testify to the assault with a loaded shotgun. Adair saw appellant strike Gonzalez with the barrel of the shotgun and then threaten to kill the complaining witness. The question as to whether the admission of extraneous offenses constitutes reversible error is an ad hoc determination in each case. *Ruiz v. State*, 579 S.W.2d 206 (Tex.Crim. App.1979). A judgment will not be re-

versed for the erroneous admission of evidence that did not injure the defendant; the question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction. *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Crim.App.1980). In this case there was more than sufficient evidence to establish appellant's guilt, without the extraneous offenses, and the error, if any, was harmless. *See Prior v. State*, 647 S.W.2d 956, 959 (Tex.Crim.App.1983). The range of punishment for this offense is from two years to ten years incarceration; however, the jury in this case only assessed a five-year confinement term. Having viewed the totality of the representation and the evidence, we are of the opinion that appellant has not shown that, but for counsel's errors, the trial result would have been different. Ground of error one is overruled.

Secondly, appellant contends that the jury charge is fundamentally defective because the court failed to place on the State the burden of proving the absence of self-defense in the paragraph applying the law on aggravated assault to the facts. The court's charge in the application paragraph required the jury to find the essential elements of the offense charged, *i.e.*, aggravated assault with a deadly weapon, beyond a reasonable doubt before they could convict. *Eckert v. State*, 623 S.W.2d 359, 362 (Tex. Crim.App.1981). Appellant, citing *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Crim. App.1983) and *Jenkins v. State*, No. 64,000, (Tex.Crim.App. Feb. 16, 1983) (not yet reported), argues that the court's failure to place the burden on the State of disproving self-defense, in the paragraph applying the law to the facts, constituted fundamental error. In *Cobarrubio, supra,* the Court held that the failure to place the burden on the prosecution, of proving the absence of sudden passion, in the paragraph applying the law of murder to the facts, was fundamental error.

 The first noted distinction is that in *Cobarrubio, supra,* there were specific objections to the paragraphs applying the law of murder and voluntary manslaughter to the facts of the case. In this case the record clearly shows that appellant did not object to the court's charge or to the alleged error in the paragraph applying the law to the facts, and did not request a special charge. Where the defendant fails to object to the trial court's charge or make any special request to the charge, any alleged error in the charge is waived. *See Manry v. State*, 621 S.W.2d 619, 623 (Tex. Crim.App.1981); *Romo v. State*, 568 S.W.2d 298, 303 (Tex.Crim.App.1978); TEX. CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1984). Where there has been no objection to the charge, the entire charge will be reviewed to determine whether the error was fundamental. *Robinson v. State*, 596 S.W.2d 130, 132–33 (Tex.Crim. App.1980). In *Cumbie v. State*, 578 S.W.2d 732, 733–35 (Tex.Crim.App.1979) the Court found that fundamental error existed when the charge (1) authorizes a conviction on a theory not alleged in the indictment; (2) substitutes a theory of the offense different from that alleged in the indictment; (3) authorizes a conviction on a theory alleged in the indictment and on other theories not alleged in the indictment; or (4) authorizes a conviction for non-criminal conduct. To be fundamental error the charge must injure the right of a defendant so that he does not receive a fair and impartial trial. *Grady v. State*, 634 S.W.2d 316, 318 (Tex.Crim.App.1982); *see* TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). Thus, we find that the trial court adequately stated the elements of the offense, applied them to the facts as alleged in the indictment, and instructed the jury under what circumstances to convict, or under what circumstances to acquit. There is nothing in this record to show that appellant was deprived of a fair and impartial trial or to sustain a finding of fundamental error. Appellant, having failed to object to the charge or request a special charge, waived his claim of error as alleged.

 In the case at bar, appellant testified in his own defense. He never stated

that he at any time was in apprehension or fear of imminent death or great bodily harm. *See* TEX.PENAL CODE ANN. § 9.31 (Vernon 1974). Nevertheless, the trial court gave the jury a charge which contained an unrestricted and broad application of the law of self-defense in separate and distinct paragraphs. *Smith v. State*, 411 S.W.2d 548, 552 (Tex.Crim.App.1967). Self-defense is a defensive issue which in this case was submitted to the jury as a fact question. The jury's rejection of appellant's testimony on the self-defense issue is not erroneous as a matter of law. *Rios v. State*, 510 S.W.2d 326, 327 (Tex. Crim.App.1974). In view of the complete charge on the law of self-defense indicated in this record, the charge on the presumption of innocence and the State's burden of proof, we conclude that the trial court was not required to charge the jury, in the paragraph applying the law to the facts, that the State had the burden to disprove the claim of self-defense. The mandate of *Cobarrubio v. State, supra,* is not applicable to this case. Ground of error two is overruled.

The judgment of the trial court is affirmed.