**Steven Blaine JONES a/k/a Daniel Raymond Mawkin, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00223–CR.**

Court of Appeals of Texas, El Paso.

May 15, 1985.

Rehearing Denied June 5, 1985.

Charles Mallin, Joseph Calamia, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for murder. The jury assessed punishment at ninety-nine years imprisonment. Appellant was indicted for capital murder in the beating and strangulation death of Frank White whose body was discovered at the Motel 6 in El Paso. Appellant testified that he killed White following an argument over who would be the passive and who the aggressive party in a homosexual liaison. The jury was charged on capital murder, murder and voluntary manslaughter. We affirm.

In Ground of Error No. One, Appellant contends that the indictment is duplicitous in that it alleges both murder and assault in one count, in violation of Tex. Code Crim.Pro.Ann. art. 21.24 (Vernon Pamphlet 1966–1985). Where one offense necessarily includes another offense, the descriptive averments relating to each may be contained in the same count without constituting duplicity. *Nichols v. State,* 653 S.W.2d 768 (Tex.Crim.App.1981). Here, the State's theory of capital murder consisted of murder committed in the course of committing robbery. Tex.Penal Code Ann. sec. 19.03(a)(2) (Vernon 1974). Robbery consists of committing an assault in the course of committing theft. Tex.Penal Code Ann. secs. 29.02, 31.03 and 22.-01(a)(1) (Vernon 1974 and Supp.1985). The theft and assault elements of the alleged robbery were essential foundations for elevating the murder to a capital offense. The State's detailed pleading was necessary to allege a capital offense and does not suffer from duplicity. Ground of Error No. One is overruled.

Ground of Error No. Two alleges that the capital juror selection process set out in Tex.Code Crim.Pro.Ann. art. 35.13 (Vernon Supp. Pamphlet 1966–1985) is unconstitutional, depriving him of due process and equal protection by not allowing him to reserve the exercise of his peremptory challenges until the entire venire had been examined. The difference in status between capital and non-capital defendants and the quantum difference in issues confronting prospective jurors in those two classes of cases provide a sufficient distinction to justify the different selection methods. In *Koonce v. State,* 654 S.W.2d 705, 708–709 (Tex.App.—Houston [14th Dist.] 1983, PDRR), this selection method was held to be consistent with due process and equal protection. Ground of Error No. Two is overruled.

Grounds of Error Nos. Three and Four deal with alleged errors in permitting the State a retroactive peremptory challenge to prospective juror R.Y. Adams or alternatively disqualifying her regardless of the State's challenge. Adams had been accepted by both the State and defense. The juror oath set out in Tex.Code Crim. Pro.Ann. art. 35.22 (Vernon 1966) was administered. Adams refused, however, to take the supplemental oath for capital offense jurors set out in Tex.Penal Code Ann. sec. 12.31(b) (Vernon 1974). Appellant contends that this violated the rule set out in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980), as well as Tex.Code Crim.Pro.Ann. arts. 35.16 and 35.19 (Vernon Pamphlet 1966–1985).

The treatment of Juror Adams was probably error in both regards as argued by Appellant. Nonetheless, the issue is rendered moot by the jury's acquittal of Appellant on the capital charge and subsequent verdict and ninety-nine year sentence on the lesser offense of murder. *Osteen v. State,* 642 S.W.2d 169 (Tex.Crim.App.1982); *Adams v. State,* 624 S.W.2d 568 (Tex.Crim. App.1981) (following remand by the Supreme Court); *Koonce,* 654 S.W.2d at 710.

Judge Clinton's dissent in *Adams* is not applicable here since the issue was rendered moot not by the exercise of the governor's power of commutation but by the trial process itself. Grounds of Error Nos. Three and Four are overruled.

In Ground of Error No. Five, Appellant contends that the court erred in refusing a requested jury instruction reciting the evidentiary rule set out in Tex.Penal Code Ann. sec. 19.06 (Vernon 1974). While it is presently permissible to give such an instruction, *Valentine v. State,* 587 S.W.2d 399 (Tex.Crim.App.1979), Appellant has presented no authority for the proposition that refusal to so instruct constitutes reversible error. Indeed, as the State points out in its brief, at one time such an instruction would have been improper, constituting a comment on the weight of the evidence. *See: Wheeler v. State,* 156 Tex.Cr.R. 140, 239 S.W.2d 105 (1951) and *Hill v. State,* 130 Tex.Cr.R. 585, 95 S.W.2d 106 (1936).

The most reasonable analysis is that presented by the State. Section 19.06 is essentially a rule of evidence which dictates the scope of testimony, documentary and physical evidence to be presented to the jury. Such evidence, having been presented in open court and argued to the jury without impediment, will, under the charge as given, naturally become an allowable area of jury deliberation. Ground of Error No. Five is overruled.

Ground of Error No. Six asserts error in failing to include within the charge paragraph applying the law of murder to the facts of the case an instruction that the State was required to prove that the murder was not committed under the immediate influence of sudden passion arising from an adequate cause. The court apparently instructed on voluntary manslaughter without request by the defense. Nor was there any objection to the murder application paragraph.

This issue has been addressed by the Court of Criminal Appeals in *Cobarrubio v. State,* 675 S.W.2d 749 (Tex.Crim.App.

1983, rehearing denied September 26, 1974), relying upon an earlier decision in *Braudrick v. State*, 572 S.W.2d 709, 710 (Tex.Crim.App.1978). *See also: Jenkins v. State*, 688 S.W.2d 504 (Tex.Crim.App.1983, rehearing pending). *Braudrick* held that "sudden passion" is in effect a defensive issue which if accepted would reduce an offense from murder to the lesser offense of voluntary manslaughter. That construction has been revised by *Bradley v. State*, 688 S.W.2d 847 (Tex.Crim.App.1985). The *Cobarrubio* opinion holds that when sudden passion is raised by the evidence, a defendant is entitled not only to an instruction on voluntary manslaughter but also to a modification of the paragraph applying the law of murder to the facts. This latter paragraph must include an element that places a burden upon the State of disproving, beyond reasonable doubt, that the murder was committed under the influence of sudden passion arising from an adequate cause. The Court of Criminal Appeals has characterized the error as "a denial of due process of law in the most fundamental sense." In *Braudrick*, the Court of Criminal Appeals stated that when voluntary manslaughter is raised by the evidence, the State *must* disprove sudden passion to sustain guilt of murder. A necessary implication of this conclusion is that in such a case absence of sudden passion assumes the character of an "implied element" of the offense of murder, although it does not when the only evidentiary issues are guilt or non-guilt of murder. *Bradley, supra.* This analysis is critical in light of Appellant's failure to object to the murder charge in this case. In *Cobarrubio*, trial objection was made, but in *Jenkins*, the issue was not even raised on appeal. The court found and acted upon this "fundamental" error on its own.

The Eleventh Court of Appeals has concluded that failure to object to the omission constitutes a waiver. *Walters v. State*, 677 S.W.2d 629 (Tex.App.—Eastland 1984, petition granted and remanded to the Court of Appeals, April 24, 1985). The Eastland court does not even mention *Jenkins*. On the other hand, the Second Court of Appeals, in *Wynne v. State*, 676 S.W.2d 650, 654 (Tex.App.—Fort Worth 1984), while dealing with an objected to charge, reemphasizes the elemental language of *Braudrick* placing the burden of disproof upon the State in its murder effort when voluntary manslaughter is raised by the evidence. The best suggestion to date is offered by Judge Clinton in footnote 13 in *Bradley*, eliminating voluntary manslaughter as a distinct offense and rendering it a mitigation issue at the punishment phase. Unless and until the legislature so acts, we must proceed in concert with existing law.

■ There was no objection to the charge in this case and we have concluded that this ground of error has been waived. *See: Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985). In *Cobarrubio* there were timely objections to the charge, and as noted by the court in *Walters*, the ruling in *Cobarrubio* was: "These objections should have been sustained." *Jenkins* is an unpublished opinion which has not been made final by a ruling on a motion for rehearing which has been pending over two years. Since that case was decided, the *Walters* case has held that error was not preserved in the absence of objection to the charge at time of trial; also, the Court of Appeals for the Fourth District has cited both *Cobarrubio* and *Jenkins* while holding that error is waived where there is no objection to the charge. *Cano v. State*, 681 S.W.2d 291 (Tex.App.—San Antonio 1984). Said the court: "Where the defendant fails to object to the trial court's charge or make any special request to the charge, any alleged error in the charge is waived. *See: Manry v. State*, 621 S.W.2d 619 (Tex. Cr.App.1981); *Romo v. State*, 568 S.W.2d 298, 303 (Tex.Cr.App.1978); TEX.CODE CRIM.PROC.ANN. ART. 36.14 (Vernon Supp.1984)." The cited Article 36.14 contains a provision that before the charge is read to the jury "the defendant or his counsel ... shall present his objection thereto in writing, distinctly specifying each ground

of objection." And, Article 36.19 of the Code of Criminal Procedure provides: "All objections to the charge and to the refusal of special charges shall be made at the time of trial." We think it significant that the legislature placed that provision in a chapter entitled "Review of charge on appeal." We hold that Appellant's failure to object and give the trial court an opportunity to correct any alleged error amounts to waiver. Ground of Error No. Six is overruled.

Appellant's seventh and final ground of error complains of the introduction of five gruesome photographs allegedly for inflammatory effect alone. The photographs, State's Exhibits Five through Nine, appear to be relevant to material issues in the case. They depict the position of the body, its state of undress, the ligature device, and the location of the injuries. All were taken at the scene of the murder. Other than the presence of a small amount of dried blood, there is nothing of a particularly gruesome nature included within the photographs. No error is shown. *Terry v. State,* 491 S.W.2d 161 (Tex.Crim.App.1973). *Martin v. State,* 475 S.W.2d 265 (Tex.Crim. App.1972). Ground of Error No. Seven is overruled.

The judgment is affirmed.