Jerold William David
**WALTERS, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–83–233–CR.

Court of Appeals of Texas,
Eastland.

June 13, 1985.

William T. Reece, Jr., Charles D. Butts, San Antonio, for appellant.

Jorge A. Solis, Criminal Dist. Atty., Abilene, for appellee.

## OPINION ON REMAND

DICKENSON, Justice.

The jury convicted Jerold William David Walters of murder and assessed his punishment at confinement for 25 years. This Court affirmed that conviction on July 12, 1984. See 677 S.W.2d 629. The Court of Criminal Appeals remanded the cause "for reconsideration of appellant's first ground of error" on April 24, 1985 (No. 869–84) (not yet reported), stating:

> In the Court of Appeals the Appellant complained that the charge, unobjected to, did not correctly charge the jury on voluntary manslaughter within the paragraph applying the facts to the law of murder.
>
> When that Court handed down its opinion this Court had not yet decided *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1984, rehearing denied 1985). It is our opinion that Appellant's contention needs to be evaluated in light of that holding.

We have now reconsidered Appellant's first ground of error [1] in order to evaluate it under the "fundamental error" test stated in *Almanza*, and we hold that, after considering the entire jury charge, the state of the evidence, and the argument of counsel, appellant has had a fair and impartial trial; consequently, there is no "egregious harm" within the meaning of *Almanza*. 686 S.W.2d at 171. See also TEX.CODE CRIM. PRO.ANN. art. 36.19 (Vernon 1981). The first ground of error is overruled.

The judgment of the trial court is affirmed.

---

[1] In his first ground of error, appellant states: The trial court committed fundamental error in the jury instructions and a fundamental due process right of the defendant was violated because the defensive issue of sudden passion was deleted from the charging paragraph on murder and placed only in the voluntary manslaughter paragraph, thereby incorrectly stating the State's burden of proof.