**Steven Blaine JONES aka Daniel Raymond Mawkin, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 759–85.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 26, 1986.

Charles M. Mallin, Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Matthew Dekoatz, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Julie B. Pollock, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of murder. V.T.C.A. Penal Code, § 19.02(a)(1) (Vernon 1974). Punishment was assessed at 99 years confinement in the Texas Department of Corrections. The Court of Appeals affirmed. *Jones v. State,* 689 S.W.2d 510, (Tex.App.—El Paso 1985). We granted appellant's petition for discretionary review to determine whether there was reversible error in the jury charge. We will vacate and remand.

Appellant asserts error in the trial court's failure to include within the paragraph in the charge applying the law of murder to the facts of the case an instruction that the State was required to negate beyond a reasonable doubt the existence of sudden passion arising from an adequate cause. See *Cobarrubio v. State,* 675 S.W.2d 749 (Tex.Cr.App.1983). The trial court instructed the jury on murder and voluntary manslaughter. In essence, appellant claims that the trial court charged the jury in violation of *Cobarrubio.*

We observe that there was no objection by appellant to the placing of the State's burden of proof in accordance with *Cobarrubio*. See also *Bradley v. State*, 688 S.W.2d 847 (Tex.Cr.App.1985). Citing *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1985), the Court of Appeals held that appellant had waived his complaint by failing to object to the charge. "Normally, the failure to object at trial preserves nothing for review.... However, where jury charge error is first raised on appeal, this Court will consider the complaint, albeit under a more exacting harm analysis if error is found. See *Almanza*, [supra]." *Thomas v. State*, 723 S.W.2d 696 at 707 (Tex.Cr.App.1986). We believe that the Court of Appeals has misconstrued *Almanza*.

In *Almanza*, this Court held, *inter alia*, that Article 36.19, V.A.C.C.P., requires an appellate court to review jury charge error for harmlessness. The determination of whether alleged error in a jury charge requires reversal involves a two-step process. An appellate court must determine, first, whether error exists in the charge and, second, the extent to which a defendant was harmed by the error. The degree of harm required for reversal depends on whether the error was objected to at trial. If the defendant made a proper objection to the charge, then reversal is required if the error in the charge created "some harm." If there was no proper objection at trial, reversal is not required unless the error resulted in "egregious harm" to the defendant.

■■■ We will consider first whether the jury charge in the instant case was erroneous. In a murder case, when an instruction on the lesser included offense of voluntary manslaughter is included in the jury charge, the burden of proving the lack of sudden passion is on the State. In addition, the issue of sudden passion must be included in the paragraph of the charge applying the law of murder to the facts of the case. *Cobarrubio*, 675 S.W.2d at 751. We find that in the instant case, the trial court failed to include the issue of sudden passion in the murder application paragraph, and that such omission was error. Since there was no objection to that portion of the charge, the next area of inquiry will be whether the error created harm so egregious as to deny appellant a fair trial.

In *Castillo-Fuentes v. State*, 707 S.W.2d 559 (Tex.Cr.App.1986) and *Lawrence v. State*, 700 S.W.2d 208 (Tex.Cr.App.1985), this Court addressed the issue of what disposition should occur in the face of unobjected *Cobarrubio* error. In *Lawrence*, voluntary manslaughter was an incidental defense, the main thrust of the defendant's case being self-defense. Thus, the harm, when viewed in light of *Almanza*, was not egregious so as to require reversal. However, in *Castillo-Fuentes*, we held that where voluntary manslaughter was the primary defense, the *Cobarrubio* error was egregious enough to require reversal, even in the absence of a proper objection.

When the Court of Appeals decided the instant case, it did not have the benefit of our decisions in *Castillo-Fuentes* and *Lawrence*. Therefore, we vacate the opinion of the Court of Appeals and remand this case for consideration in light of *Castillo-Fuentes* and *Lawrence*.

ONION, Presiding Judge, dissenting.

The offense here is murder. The jury convicted and assessed appellant's punishment at 99 years' imprisonment.

On appeal the conviction was affirmed. *Jones v. State*, 689 S.W.2d 510 (Tex.App.– El Paso, 1985). On appeal appellant had urged, inter alia, that the trial court erred in failing to include, sua sponte, in its charge, applying the law of murder to the facts of the case, an instruction that the State was required to prove that the murder was not committed under the immediate influence of sudden passion arising from an adequate cause. See *Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr.App.1983). The trial court apparently instructed on voluntary manslaughter without a request from the appellant, and there was no objec-

tion to the charge applying the law of murder to the facts. The Court of Appeals, after citing *Cobarrubio, Bradley v. State,* 688 S.W.2d 847 (Tex.Cr.App.1985), and *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985), and other cases, determined the error, if any, was waived by the failure to object. We granted appellant's petition for discretionary review to determine the correctness of the Court of Appeals' holding on this single issue.

The record discloses that this offense occurred on August 28, 1980. The indictment was returned on October 2, 1980. Trial commenced on April 26, 1982. After conviction, notice of appeal was given on June 18, 1982. The record reached the Court of Appeals on October 7, 1983. On May 15, 1985, the Court of Appeals handed down its opinion affirming the conviction. In connection with the said petition the record reached the Court of Criminal Appeals on July 10, 1985. The said petition was originally refused on April 30, 1986, but appellant's motion for rehearing and petition were granted on June 18, 1986. The cause was submitted on November 12, 1986. Now, over six years after the alleged murder offense, the majority is returning the cause to the Court of Appeals for another appellate round with every likelihood that another round will be had in this Court before any gong will be sounded, if then.

In this Court appellant calls attention to his own testimony at trial. Appellant, once a male prostitute in Los Angeles, California, was hitchhiking through El Paso County when he was picked up by the deceased. After drinking some alcoholic beverages, a motel room was rented and the deceased gave the appellant $20.00 for a sexual act. An argument ensued over who was to be the aggressive partner. Appellant related the deceased pushed him back on the bed when he started to get up, and that he "became worried" as the deceased was a large individual. Appellant offered to return the $20.00, but the deceased pushed him again and he became "scared" and

grabbed a spark plug wrench and hit the deceased, who fell, and kept hitting him. Appellant then took a rope which the deceased had and strangled the deceased. Appellant stated that he was afraid of what would happen if the deceased got up, and that out of fear he killed the deceased. He took the deceased's money and his vehicle and left.

In his brief appellant states that it was his testimony that raised the issue of voluntary manslaughter. He insists that there were no other defenses and that voluntary manslaughter was the primary "defense" and that under *Castillo-Fuentes v. State,* 707 S.W.2d 559 (Tex.Cr.App.1986), he is entitled to a reversal. He distinguishes *Lawrence v. State,* 700 S.W.2d 208 (Tex.Cr.App.1985), on the basis that in *Lawrence* voluntary manslaughter was only an incidental defense and no reversible error was shown.

The State, on the other hand, contends that there was no fundamental reversible error in the court's charge because the appellant's testimony that he was in "fear" standing alone does not raise the issue of sudden passion, citing *Daniels v. State,* 645 S.W.2d 459, 460 (Tex.Cr.App.1983), and *Lawrence,* supra. See also *Gonzales v. State,* 717 S.W.2d 355 (Tex.Cr.App.1986).

Both parties agree upon the same summary of facts to support their respective positions. The issue is clearly drawn for this Court by the briefs filed before this Court. It can and should be decided promptly by this Court.

Nevertheless, the majority concludes that the Court of Appeals did not have the benefit of *Castillo-Fuentes* and *Lawrence* and the cause should be remanded to the Court of Appeals for consideration in light of these two decisions. Nothing is said about the State's position. May it be considered by the Court of Appeals? Under any circumstances, this six-year-old murder case is given another whirl in the appellate orbit, and after a year or two may find its

way back to this Court.[1] Who knows but what there may then be new decisions on which it can again be remanded for reconsideration. But then who said that the name of the game was quickness.

I vigorously dissent to this remand and this type of justice. It is totally uncalled for in this fact situation. The sole issue remaining in the case should be decided NOW by this Court.

TEAGUE, J., joins this opinion.

---

1. This cause was submitted to this Court on November 12, 1986, as earlier noted, and Judge Campbell's opinion was prepared promptly.