**John Kevin MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–85–268–CR.**

**Court of Appeals of Texas, Fort Worth.**

Feb. 25, 1987.

Rehearing Denied March 25, 1987.

S. Camille Milner, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Jim Crouch, Asst. Dist. Atty., Denton, for appellee.

JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

### OPINION

KELTNER, Justice.

John Kevin Miller appeals from his conviction by a jury of murder. The jury assessed punishment of life imprisonment. *See* TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). The issue in this case is the

wording of the court's charge to the jury regarding the defensive theory of "sudden passion."

We affirm.

Miller and Ron Bartimac (the deceased) were lovers. They shared an apartment together in a Lewisville apartment complex. In the months prior to Bartimac's death, their relationship soured over a number of matters. The major quarrel was the fidelity of Bartimac. Miller testified that he understood the relationship with Bartimac to be a monogamous relationship. However, in the weeks prior to Bartimac's death, Miller discovered him in compromising situations with other men. During those weeks, Miller testified that Bartimac threatened his life on several occasions.

One evening, Miller testified that he arrived home unexpectedly and found Bartimac, wrapped only in a towel, with another man. Miller became angry and left the apartment. He returned home late that night with some friends he had met at a hotel bar. After his friends left at approximately 4:00 a.m., Miller and Bartimac engaged in a violent argument. During the argument, Bartimac went into the bedroom. Miller, believing that Bartimac went to get a gun, obtained a knife from the kitchen. Both returned to the main room. Miller remained close to the kitchen door concealing the knife and Bartimac took a seat on the couch. Miller testified that Bartimac appeared to have something at his side. (However, Miller later discovered that the gun he feared was in Bartimac's possession, was, in fact, left in the bedroom). Miller admitted that he approached Bartimac while he was sitting on the couch and struck him with the knife, cutting his throat. Bartimac ran for the door. Miller pulled him back and cut his throat again.

Bartimac died as a result of his wounds and Miller kept the body in the apartment with him for a week. Finally, tenants complained of the stench from the apartment. On opening the apartment, the apartment manager found the scene of Bartimac's bloody death. The police were alerted and they discovered Bartimac's decomposing body.

Miller took the stand in his own defense. His defense at the trial was that he was "acting under the immediate influence of sudden passion, arising from adequate cause," and as a result, was guilty only of voluntary manslaughter rather than murder. The court's charge presented the defendant's theory and the jury was charged on the law of murder and voluntary manslaughter.

Miller complains that the court's charge denied him his right of due process in failing to properly place the burden of proof on murder. Specifically, Miller contends that the wording of the charge did not require the "State to prove, beyond a reasonable doubt, that the defendant was *not* acting under the immediate influence of sudden passion ..." in the murder section of the charge.

At the outset, we must analyze the relationship between the offense of murder and the offense of manslaughter. Fortunately, our Court of Criminal Appeals has clarified the relationship. *Cobarrubio v. State*, 675 S.W.2d 749, 751 (Tex.Crim.App. 1983); *Braudrick v. State*, 572 S.W.2d 709, 710 (Tex.Crim.App.1978).

The Court of Criminal Appeals has held that manslaughter is a lesser included offense of murder. The difference between the two is the element of "sudden passion." The elements of voluntary manslaughter are:

(1) a person
(2) intentionally or knowingly
(3) causes the death
(4) of an individual
(5) while acting under the immediate influence of sudden passion arising from an adequate cause.

TEX.PENAL CODE ANN. sec. 19.04 (Vernon 1974).

As a result, if the issue of "sudden passion" is raised by the evidence, the State must prove the following elements, beyond a reasonable doubt, to establish murder.

(1) a person
(2) intentionally or knowingly
(3) causes the death
(4) of an individual

(5) while *not* acting under the immediate influence of sudden passion arising from an adequate cause.[1]

The charge in the instant case reads as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 9th day of June, 1985 in Denton County, Texas, the defendant, JOHN KEVIN MILLER, did knowingly or intentionally cause the death of an individual, Ronald George Bartimac, by cutting his throat with a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury, and that the defendant, in so acting was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant, JOHN KEVIN MILLER, guilty of murder as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of murder.

If you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant, JOHN KEVIN MILLER, did intentionally or knowingly cause the death of Ronald George Bartimac by cutting him with a knife as alleged in the indictment, but you further find from all the facts and circumstances in evidence in the case that the defendant, in killing the deceased, if he did, acted under the immediate influence of a sudden passion arising from an adequate cause,[2] then you will find the defendant guilty of the lesser offense of voluntary manslaughter.

. . . . .

Miller claims that the first paragraph of the court's charge, which deals with the offense of murder, does not adequately place the State's burden of proof on the element negating "sudden passion." Miller admits that the first paragraph, quoted above, is the standard paragraph from the often used McClung book. McCLUNG, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE (Jan.1981) 47, 48. The Court of Criminal Appeals approved this charge in *Cobarrubio*, 675 S.W.2d at 751, n. 8.[3]

Instead of the McClung charge, Miller would have us add an additional phrase after the element of "sudden passion," as follows:

1. TEX.PENAL CODE ANN. sec. 19.02(a)(1). Actually, section 19.02 does not require the fifth element. The Court of Criminal Appeals' opinion in *Braudrick* required the fifth element in cases where the issue of sudden passion was raised, so as to make voluntary manslaughter a lesser included offense of murder.

As a result, the fifth element is not a fact that must be disproven by the State to establish murder in the absence of evidence raising the issue of sudden passion. *Braudrick*, 572 S.W.2d at 711. However, if the issue of sudden passion is raised by the evidence, it is the State's burden to disprove the existence of sudden passion beyond a reasonable doubt. *Id.*

2. As noted in the text of the opinion, the murder paragraph of this charge was approved by the Court of Criminal Appeals in *Cobarrubio v. State,* 675 S.W.2d 749, 751 (Tex.Crim.App.1983). However, a part of the charge approved in *Cobarrubio* is left out of the charge on voluntary manslaughter.

At this point of the charge, the *Cobarrubio* approved charge would further state, "or if you have a reasonable doubt as to whether he so acted under the immediate influence of sudden passion arising from adequate cause...."

3. It is obvious that Judge Narsutis believed he was submitting the charge approved in *Cobarrubio.* During the objections to the charge, Judge Narsutis, in overruling an objection by then lawyer Rusty Duncan (now a judge on the Court of Criminal Appeals) had this exchange:

THE COURT: The Court will, not finding fault with your reasoning, Mr. Duncan, finds in Cobarrubio vs. State, 675 2nd, 749, the charge as prepared and in fact set forth is a proper charge by the Court of Criminal Appeals. Therefore your objections are overruled.

MR. DUNCAN: Just for clarification, Your Honor, the Court is aware of the particular paragraphs that I am referring to and the nature of the charge itself?

THE COURT: Yes.

Actually, Judge Duncan was objecting both to the voluntary manslaughter and murder parts of the charge. As noted above, in footnote 2, the charge omitted a restatement of the burden of proof in the involuntary manslaughter portion of the charge. However, that omission is not assigned as error in this case.

Now if you find from the evidence beyond a reasonable doubt that on or about the 9th day of June, 1985 in Denton County, Texas, the defendant, JOHN KEVIN MILLER, did knowingly or intentionally cause the death of an individual, Ronald George Bartimac, by cutting his throat with a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was ˙capable of causing death or serious bodily injury, and *you further find beyond a reasonable doubt* that the defendant, in so acting was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the defendant, JOHN KEVIN MILLER, guilty of murder as charged in the indictment. [Emphasis added.]

■ Miller complains that the seven commas and the substantial language between the "beyond a reasonable doubt" phrase and the "sudden passion" phrase, lead the jury to believe that the State was not required to prove beyond a reasonable doubt that Miller was not acting under the immediate influence of sudden passion. The real problem is that the first four elements of murder deal with positive acts. The last element, sudden passion, requires a negative finding; that the defendant was "not acting" under the influence of "sudden passion." To avoid any possibility of misunderstanding, Miller's version of the charge is preferable. However, we disagree that this charge is misleading and denies Miller due process of law. It is obvious from the entire charge quoted above, that the "beyond a reasonable doubt" phrase applied to all the elements of the offense of murder. This is supported by the second paragraph quoted above which states:

Unless you find *beyond a reasonable doubt,* or if you have a *reasonable doubt* thereof, you will acquit the defendant of murder.

The charge also recited:

If you find from the evidence beyond a reasonable doubt that the defendant is guilty of either murder or manslaughter, but you have a reasonable doubt as to which offense he is guilty, then you must resolve that doubt in defendant's favor and find him guilty of the lesser offense of voluntary manslaughter.

Also, the court's charge instructed the jury:

All persons are presumed to be innocent and no person may be convicted of an offense unless *each* element of the offense is proved *beyond a reasonable doubt.*

■ Even if this charge were considered to be error, it was not error that was "calculated to injure the rights of the defendant." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). In reviewing whether an error was "calculated to injure the rights of the defendant," we must review the error, "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.; Arline v. Texas,* TC–86–40–3, 8 (Sept. 10, 1986). Even viewing the error in the phrase that was dropped from the voluntary manslaughter part of the charge, we can find no harm.

The closing argument of Miller's counsel eliminates any possibility that the jury would have failed to apply the "beyond a reasonable doubt" standard to the "sudden passion" element of murder. In the argument, Miller's counsel commented:

They need some evidence to prove to you *beyond a reasonable doubt* that it didn't happen like his confession says. Y'all excuse the writing, scribbling. It says that in its manner of use, etc., and, "That the defendant, in so acting, was not acting under the immediate influence of a sudden passion arising from adequate cause." *The State has to prove to you that beyond a reasonable doubt they have to prove through their evidence that at the time he cut the fellow's throat that he was not acting under sudden passion.*

. . . . .

The defendant does not have to prove to you that he was acting, being under the immediate influence. *The State has to*

*disprove that.* Now, I am going to harp on that and harp on that.

. . . . .

And then I want you to go back and judge whether or not the State has disproven, *beyond a reasonable doubt,* somewhere down that scale, beyond a reasonable doubt, that at the time this death occurred, this offense occurred, that he was not acting under sudden passion.

. . . . .

And the fact that the State cannot prove to you *beyond a reasonable doubt,* that this man was not acting under the immediate influence of sudden passion, your verdict very simply should be the second, and that's voluntary manslaughter. [Emphasis added.]

■ Inasmuch as the murder portion of the charge in this case has been previously approved by the Court of Criminal Appeals, and that it fairly places the burden of proof, we find that it presents no preserved error. We do find that the voluntary manslaughter portion of the charge does not contain a phrase that was approved in the *Cobarrubio* case. The submission of voluntary manslaughter was error. However, no harm resulted from the error, because the whole charge clearly placed the burden of proof on the State, and the closing arguments dealt specifically with the placement of the burden of proof.

The judgment of the trial court is affirmed.