33,336-11

FEBRUARY 17, 2015

MOTION DENIED
DATE: 6-9-15
BY: D.C.

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TX 76367

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

CLERK OFFICE
COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

Re: TRIAL COURT NUMBER 348455-F        EX PARTE   KENNETH RAY BROWN.
    WRIT NUMBER WR-33,336-11

CLERK,

    ENCLOSED IS A MOTION FOR RELIEF FROM THE ADJUDICATION JUDGMENT TO BE FILED

FOR THE COURT'S CONSIDERATION.

PLEASE INFORM ME UPON THE FILING OF THE ENCLOSED MOTION THERETO THE ABOVE STYLED

AND NUMBERED.

Thank You,

Kenneth Brown

CCFILED:

ONE OF ONE PAGE

IN THE

COURT OF CRIMINAL APPEALS

EX PARTE                                    §        WRIT NUMBER--WR-33,336-11

                                            §        TRIAL COURT NUMBER--348455-F

KENNETH RAY BROWN,                          §
          Movant.


MOTION FOR RELIEF FROM THE ADJUDICATION JUDGMENT

This motion is brought Pro Se by KENNETH RAY BROWN a State Prisoner of Texas herein called "BROWN or MOVANT" and submitted this motion pursuant to the Rules of Texas Courts.

The **PRECISE JUDGMENT** that this motion concerns to the above styled and numbered is the Adjudication Judgment under cause number 10-83-095-CR. Although this motion for relief and the 11.07 habeas corpus concerns VIOLATIONS of State and Federal constitutional rights to counsel representation at all critical stage of the criminal process. And, evidence of facts and circumstances from the OFFICIAL COURT RECORDS that reflects/revels, **NO COUNSEL** provided for Brown following a State's requested and granted Petition for Discretionary Review (PDR). Therefore, by law all preceeding following the granted State's PDR where the records are void of counsel representing Brown, by State and Federal Law such void of counsel represent- ation CONSTITUTES A VOID RESULTING JUDGMENT. As such is presented in Brown's current 11.07 application for relief. However, since the DISTRICT ATTORNEY and PRESIDING JUDGE both of Harris County, Texas **does not recognizes** the UNITED STATES CONSTITUTION SIXTH AMENDMENT RIGHT TO COUNSEL, and/or the denial of counsel is the EXCEPTION to any procedural bar. See State's Original Answer and Recommendation. It is through this motion for relief from the adjudication judgment where previous filed 11.07 habeas corpus, the District Attorney and Presiding Judge, same as the Sixth Amendment

1

does **not** recognizes the defendant/appellant's rights to DUE PROCESS pursuant to the FOURTEENTH AMENDMENT. This HONORABLE COURT has always considered and recognized clear facts and circumstances from the OFFICIAL COURT RECORDS that reflects/reveals violations of constitutional rights pursuant to the Sixth and Fourteenth Amendments may result in any obtained judgment, A VOID JUDGMENT. Thereby, any resulting judgment from an 11.07 habeas corpus filed [AS IN BROWN'S CASE] to a void judgment, is also considered by law a void judgment.

Therefore, this motion for relief concerns violations of the Sixth Amendment as presented in Brown's current 11.07 application, and therewith violations of the Fourteenth Amendment where facts and circumstances from the court records reflects/reveals Brown was deprived of his liberty without the DUE PROCESS OF LAW. Thus, this Court according to justice and the fairness of justice, and the fairness of Texas Courts, THIS HONORABLE COURT OF CRIMINAL APPEALS CANNOT REFUSE THE REQUESTED RELIEF IN THIS MOTION AND IN BROWN'S CURRENT 11.07 APPLICATION. For reasons of the following.

## I.

Brown/Movant moves and urges this Honorable Court to grant the relief sought in the current 11.07 habeas corpus filed in the Court under WR-33,336-11. Which is filed pursuant to the VOID JUDGMENT EXCEPTION TO THE GENERAL RULE. Thereby, as to this motion, granting relief from the adjudication judgment under cause number 10-83-095-CR. For it is clear from the court records, the reliance of the affirmed adjudication judgment as presented in the 11.07 application is clearly repugnant, and the affirmed judgment is clearly, inconsistent with this Court's holdings as to what constitutes a void judgment..See NIX,664 and SPAULDING,687 S.W.2d at 745.

## II.

As in Brown's cause where an arguable alleged VOID JUDGMENT is presented and

2

WHEREBY BROWN IS INCARCERATION FOR LIFE UNDER SUCH VOID JUDGMENT. This Honorable Court should be compelled, as a matter of public policy, and for the sake of justice, as to providing sufficient openly rulings [law] on the facts and circumstances from the official court records to ensure that State and Federal constitutional rights, or protections are give effects pursuant to the Sixth Amendment right to counsel and the Fourteenth Amendment Due Process and Equal Protection.

## III.

As presented in Brown's current 11.07 application where there are no proof of counsel appointed for him either on papers of his case, or on docket sheet following the granted State's PDR. It is presumed there was a denial of Brown's right to counsel representation as being an indigent defendant/appellant. However, it is without any doubts from the official court records as in Brown's direct appeal process that the State was allowed to challenge his successful reversal of trial court's conviction without Court of Criminal Appeals, or Tenth Court of Appeals nor 248th District Court (trial court) providing him with counsel after discretionary appeal was granted to the State. Brown as being indigent at the time and without the benefits of counsel clearly was unable to make any kind of reasonable decisions as to the law concerning the consequences of his reinstated conviction and innocence as to defending his liberty against the State resource. See BLANKENSHIP, 118 F.3d 312 at 317.

## IV.

Brown/Movant moves and urges this Honorable Court to grant his current 11.07 writ and/or grant relief according to this motion from the adjudication judgment that affirmed the trial court's conviction. For reason(s) the APPELLATE level thereto the first direct appeal as a matter of right. See Texas Code of Criminal ANN. Article 44.02. The right to Counsel, both at trial and appellate level, is recognized not for it own sake, but because of the effect that it has on the ability of the accused

3

to receive a <u>fair judgment</u>.

## V.

Evidence from the court records indicates same as following the State's granted PDR. There are <u>no proof</u> of counsel appointed either on papers of the case, or on decket sheet following a **remand** by the Court of Criminal Appeals of the successful direct appeal reversal of trial court's conviction. Same as following the State's granted PDR. It is presumed there was a <u>denial</u> of Brown's right to appointment of counsel representation whereby State law the Court of Criminal Appeals' <u>remand</u> of the conviction **reinstated** the appeal process back to the first level of the appeal. At such Appellate level clearly entitled Brown to appointment of counsel due to his indigent status. See Tex.Code Crim.Proc.Ann. art. 44.02, 1.051(d)(1)(2) and 1.051(c): Also see <u>EX PARTE LOPEZ</u>,763 S.W.2d 427 and <u>JENNINGS</u>,890 S.W.2d 809.

## VI.

It is arguable from the court records where Brown is <u>incarcerated for life under a VOID JUDGMENT, OR VOID ADJUDICATION JUDGMENT</u>. The Tenth Court of Appeals, the Court that **affirmed** the adjudication judgment under cause number 10-83-095-CR following the remand and reinstated direct appeal. From the evidence of court records, the Court clearly **relinquished, or had forgo its responsibility as impartial JURIST(S).** Thereby becoming <u>advocates</u> for the State, and thereby Tenth Court of Appeals <u>unfairly</u> advanced an argument on the State's behalf in its OPINION that affirmed trial court's conviction. See Texas Rule of Appellate Procedure 38.1(h) and 38.2(a)(1) and CODE OF JUDICIAL CONDUCT: Also see <u>SIVERAND</u>,89 S.W.3d 216. SEE EXHIBIT D PAGES 2 & 3.

Evidence from the court records reflects/reveals **NOT** Brown nor State resubmitted brief concerning matters of the remand in order for the Court to make an impartial crediable and/or reliable affirm adjudication judgment. Evidence from the records reflect/reveals Brown's failure to resubmit brief following the remand is the FACT he had NO COUNSEL REPRESENTING him at this critical stage [resubmitting brief] of

4

THE REINSTATED DIRECT APPEAL THAT ACTUALLY DECIDED HIS **FATE** TO LIFE IMPRISONMENT. See T.R.A.P. 38.8(b)(1)(2)(3)(4). However, same as following the granted State's PDR. Tenth Court of Appeals on its own allowances, or initiative was allowed to challenge matters of the reinstated direct appeal without the COURT(S)' complying with the provisions of Texas Code of Criminal Procedure Article 1.051 as to the Court's obligation to appoint counsel for Brown to defend him concerning matters of the direct appeal, or reinstated direct appeal which determined Brown's **FATE**.

## VII.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded **finality** is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." ARMSTRONG V. MANZO,380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62(1965).

CAREY V. PIPHUS,98 S.Ct. 1042 at 1050(1978) The DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT provides; "[N]or shall any State deprive any person of life, liberty, or property without the due process of law...." The Court repeatedly has emphasized that "procedural due process rules are shaped by the risk of error inherent in the truth finding process...." "Such rules minimize substantively unfair or mistaken deprivations of life, liberty, or property by enabling a person to contest the basis upon which a State proposes to deprive them of protected interests.

THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT COMMANDS THAT NO STATE SHALL "DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAW." WHICH IS ESSENTIALLY A DIRECTION THAT ALL PERSONS, SIMILARLY SITUATED SHOULD BE TREATED ALIKE. SEE PLYLER V. DOE,102 S.Ct. at 2394 (1982).

ATTACHED TO THIS MOTION ARE EXHIBITS OF THE OFFICIAL COURT RECORDS IN BROWN'S POSSESSION. AS TO THE ATTACHED COPIES OF COURT RECORDS. "IF" THERE ARE OTHER OFFICIAL COURT RECORDS CONCERNING THE HEREIN STATED MATTERS THAT WOULD REBUT, OR CONTRAVENE THESE HEREIN STATED FACTUALL ALLEGATIONS. THEN THE COURT(S) ARE OBLIGATED TO REVEAL THOSE RECORDS. AS TO ANY DENIAL DECISIONS FROM THE COURT(S).

## VIII.

As to the above UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT. As it is Brown's

current submitted 11.07 application filed in this Court under WR-33,336-11 <u>does not</u> argue Due Process as to NOTICE, nor does the writ argues Equal Protection. But rather, the writ argues that the Court of Criminal Appeals, Tenth Court of Appeals and the 248th District Court (trial court) all deprived Brown's right to appointment of counsel representation by unauthorized acts/illegal acts, (errors). Thereby, the Courts were able to prevent, deprive, or cause Brown to be without the benefit of counsel thereto all critical stage of the appeal process following the granted PDR. Which such deprived right to counsel as presented in the 11.07 habeas corpus is sufficient to satisfy the requirements pursuant to the VOID JUDGMENT ECPETION TO THE GENERAL RULE. But because this motion for relief from the adjudication judgment that affirmed the trial court's conviction. By law, Brown would show from the exhibits (court records) attached to this motion VOILATIONS of State Law (STATUTES) that protects, provides and ensures the defendant/appellant with the FOURTEENTH Amendment Due Process and Equal Protection. Which violations of these constitutional rights would render any resulting judgment, a VOID JUDGMENT. Therefore, evidence from the OFFICIAL COURT RECORDS INDICATES:

(1), Following the State's requested and granted PDR. The records indicates the Court and/or Clerk of Court of Criminal Appeals **failed** to send **notice** of the granted PDR pursuant to T.R.A.P. 69.4(b). Records indicates the Court and/or trial court **failed** to appoint counsel for Brown pursuant to Tex.Code Crim.Proc.Ann. art. 1.051 (d)(2) and Court **failed** to require Brown and State to resubmit <u>briefs</u> pursuant to T.R.A.P. rules 70.1, 70.2 and 70.3 before remanding the cause.

Each above stated state law or State Statutes are designed and designated by Texas Legislators under facts and circumstances as to a granted PDR by the Court in order to protect, provide and ensure the defendant/appellant with Sixth Amendment right to counsel and Fourteenth Amendment due process of the law as to notice and the opportunity to place before the court any objections, and the equal protection

6

under similarly situated.

(2), Following the remand by Court of Criminal Appeals. The records indicates **NO BRIEF** filed on Brown's behalf within 30 days after the remand. Thus, Tenth Court of Appeals and/or Clerk **failed** to comply with the provisions of T.R.A.P. 38.8(b). Also, records indicates the Appellate Court and/or trial court **failed** to appoint counsel for Brown pursuant to Tex.Code Crim.Proc.Ann. art. 1.051(d)(1) and 1.051(c) where the remand reinstated the direct appeal. See article 44.02. And, court records indicates, Tenth Court of Appeals **failed** to require Brown and State to resubmit briefs in the court pursuant to T.R.A.P. rules 38.1(h) and 38.2(a)(1) before the Court affirmed the adjudication judgment under cause number 10-83-095-CR.

Each above stated state rule or State Statutes are designed and desigated by Texas legislators under facts and circumstances as to any remand by Court of Criminal Appeals in order to protect, provide and ensure the defendant/appellant with the Sixt Amendment right to counsel and Fourteenth Amendment due process of the law as to notice and equal protection under similarly situated.

## IX.

AS TO EACH ABOVE STATE PROCEEDING THEREWITH STATE LAW OR STATE STATUTES THAT REPRESENTS PROCEDURAL DUE PROCESS AND EQUAL PROTECTION AS TO NOTICE AND A MEANINGFUL OPPORTUNITY TO BE HEARD IN A COURT OF LAW IN ORDER TO DEFEND ONE'S INNOCENCE. BUT, THE RIGHT TO BE HEARD WOULD BE, IN MANY CASES, OF LITTLE AVAIL IF IT DID NOT COMPREHEND THE RIGHT TO BE HEARD BY COUNSEL. SEE POWELL V. ALABAMA, 287 U.S. 45, 68-69, 58 S.Ct. 55, 64, 77 L.Ed. 148(1932).

## X.

In support of this motion for relief from the adjudication judgment. The United States Supreme Court ruled: "That a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." Concluding that

7

these principles applied on appeal as well as trial. See JACKSON,99 S.Ct. 2781 at 2786 (1979). Under the facts and circumstances that are supported by the official court records. The stated above ruling by the Supreme Court is directly related to this motion for relief as to all the many **failures** thereto the Court(s) before Brown was deprived of his liberty without the due process of law.

This HONORABLE COURT OF CRIMINAL APPEALS' integrity, and the fairness of Texas Judicial System would not allow this Court to intentionally or inadvertently overlook, misplace or disregard facts and circumstances from the court records that reflects/reveals Brown was imprison for life, or his fate was determined pursuant to a new state law [at the time] of rules that Brown never, as to this date, have had the opportunity to be heard as to defending himself from the new state law that actually deprived him of liberty and imprison him for life. Thus, as proof from the records, Brown incurred the loss of his liberty without notice and a meaningful opportunity to defend. THIS HONORABLE COURT OF CRIMINAL APPEALS' COMPLETENESS, UNIMPAIRED CONDITION OF FAIRNESS AND SOUNDNESS THERETO ITS HONESTY AND SINCERITY, etc. cannot refuse Brown the requested relief in his current 11.07 writ of habeas corpus application and as to this motion for relief. Whereby all submitted EXHIBITS of court records indicates the new state rule of law pursuant to the harmless error rule standards that decided Brown's fate came into effect some 21 months after Brown filed the original APPELLANT'S BRIEF on direct appeal. Which brief by law, several months before the new state law of standards for harmless error came into effect, the brief accomplished the original reversal of trial court's conviction by the Tenth Court of Appeals. All court records indicates Brown filed the Appellant's Brief on MARCH 21, 1983 in the Court of Appeals at Houston, Texas. On MAY 4, 1983. The Court transferred the appeal to the Tenth Court of Appeals at Waco, Texas. This Court of Appeals on DECEMBER 27, 1984 reversed and remanded the trial court's conviction. (TRANSFERRED ON MAY 4, 1983).

8

The Court of Criminal Appeals made the decision of the new state law for harmless error standards under ALMANZA V. STATE in FEBRUARY of 1985. It is this new law under Almanza that were applied by the Tenth Court of Appeals to Brown's successful appeal reversal that actually decided Brown's fate of life imprisonment. Which rule came into effect after the Appellant's Brief filed on direct appeal, after the original OPINION that reversed the conviction and after the State's PDR had been filed. NO WHERE ON PAPERS OR DOCKET SHEET indicates Brown was sent notice of the new rule under Almanza, or notice that the new rule would be applied in order to determine the adjudication judgment, nor are there any indication that the court appointed counsel for Brown to defend him from the new rule of state law.

This Honorable Court of Criminal Appeals cannot refuse this motion for relief from the adjudication under cause number 10-83-095-CR. For the adjudication judgment by State and Federal is a VOID JUDGMENT pursuant to the UNITED STATES CONSTITUTION SIXTH AND FOURTEENTH AMENDMENTS AS PRESENTED IN THIS MOTION.

## PRAYER

WHEREFORE, PREMISES CONSIDERED Brown/Movant can only pray that this HONORABLE COURT OF CRIMINAL APPEALS review the submitted EXHIBITS of Court Records therewith an impartial view of the facts, circumstances to this case; therewith applicable State and Federal law. Should this Court found other official court records that rebuts and/or contravenes the submitted exhibits. Brown prays that the Court would point these records out in order to settle once and for all, the herein stated factual allegation to a VOID ADJUDICATION JUDGMENT UNDER CAUSE NUMBER 10-83-095-CR. Brown prays this motion would be granted, or the current 11.07 writ of habeas corpus application filed under writ number WR--33,336-11.

Respectfully submitted,

KENNETH RAY BROWN

9

Service has been accomplished by sending a copy of this motion to the following address:

DISTRICT ATTORNEY OFFICE
HARRIS COUNTY, TEXAS
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002

SIGNED this 17th day of February, 2015.

Respectfully submitted,

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TX 76367

ccfiled:

10

# SUPPORTING EXHIBITS SUBMITTED AS EVIDENCE

A. TEXAS COURT OF CRIMINAL APPEALS DOCKET SHEET PD-0182-85.

B. TEXAS COURT OF CRIMINAL APPEALS' OPINION ON STATE'S PETITION FOR DISCERTIONARY REVIEW.

C. TEXAS TENTH COURT OF APPEALS DOCKET SHEET 10-83-095-CR.

D. TEXAS TENTH COURT OF APPEALS' OPINION THAT AFFIRMED THE ADJUDICATION JUDGMENT UNDER CAUSE NUMBER 10-83-095-CR.

E. 248th DISTRICT COURT'S ORDER APPOINTING COUNSEL ON APPEAL.

F. TEXAS TENTH COURT OF APPEALS  CLERK'S LETTER.

G. TEXAS TENTH COURT OF APPEALS' ORIGINAL OPINION THAT REVERSED AND REMANDED CAUSE NUMBER 10-83-095-CR.


R. APPELLANT'S BRIEF ON APPEAL---THAT ORIGINALLY REVERSED THE TRIAL COURT'S CONVICTION.

L. STATE'S PETITION FOR DISCRTIONARY REVIEW.


                                    Respectfully submitted,


                                    KENNETH RAY BROWN



CCFILED:


i

 

**Add to CaseMail**

*Exhibit A*

# Case Information:

| | |
|---|---|
| **Case Number:** | PD-0182-85 |
| **Date Filed:** | 2/15/1985 |
| **Case Type:** | PDR |
| **Style:** | Brown, Kenneth Ray |
| **v.:** | |

# Case Events:

| | Date | Event Type | | Description |
|---|---|---|---|---|
| | 12/12/2008 | COPY REQUEST PDR | | |
| | 5/20/2008 | COPY REQUEST PDR | | Pro Se |
| | 5/5/2008 | MISC DOCUMENT FOR A PDR | | |
| | 12/11/1987 | MANDATE ISSD | | |
| | 11/25/1987 | OPINION ISSD | | |
| | 2/5/1986 | SUBMITTED | | |
| | 1/5/1986 | SET FOR SUBMIS | | |
| | 1/2/1986 | NO BRIEF FILED | | Appellant |
| | 12/2/1985 | NO BRIEF FILED | | State |
| | 11/12/1985 | EXTRA REMARKS | | |
| | 10/30/1985 | PDR DISP | | State |
| | 9/25/1985 | WORKUP COMPLETE | | State |
| | 5/7/1985 | 4404H BAIL | | Pro Se |
| | 5/6/1985 | 4404H BAIL FILED | | Pro Se |
| | 3/19/1985 | NO RESPONSE FILED | | Appellant |
| | 2/15/1985 | PDR FILED | | State Prosecuting Attorney |

# Calendars:

| | Set Date | Calendar Type | | Reason Set | |
|---|---|---|---|---|---|
| | 12/11/1987 | STORED | | RETURNED COA | STORED |

# Parties:

| | Party | Party Type |
|---|---|---|
| | Brown, Kenneth Ray | Applicant (writs)/Appellant... |
| | STATE OF TEXAS | State |

# Court of Appeals Case Information:

| | |
|---|---|
| **COA Case Number:** | 10-83-00095-CR |
| **COA Disposition:** | |
| **Opinion Cite:** | Rev & Rem 12-27-84 |

*Exhibit B*

OPINION ON STATE'S
PETITION FOR DISCRETIONARY REVIEW

The jury was charged on murder and the lesser included offense of voluntary manslaughter. After deliberating, the jury found appellant guilty of murder. His punishment, enhanced by a prior conviction, was assessed at life imprisonment.

On December 27, 1984, the Waco Court of Appeals reversed appellant's conviction after finding fundamental error in the jury charge. Specifically, the appeals court, relying on Cobarrubio v. State, 675 S.W.2d 749 (Tex.Cr.App. 1984), found the charge defective because it failed to require the State to disprove the lack of sudden passion in the paragraph of the charge which applied the law of murder to the facts of the case.

On October 30, 1985, we granted the State's petition for discretionary review to consider the issue. Since the Court of Appeals handed down its opinion in this case, this Court decided Almanza v. State, 686 S.W.2d 157 (Tex.Cr.App. 1985)(Opinion on Rehearing). In Almanza, we set out tests to be used when there was either objected to error or unobjected to error in the court's charge to the jury. See also Castillo-Fuentes v. State, 707 S.W.2d 559 (Tex.Cr.App. 1986); Lawrence v. State, 700 S.W.2d 208 (Tex.Cr.App. 1985); Moore v. State, 694 S.W.2d 528 (Tex.Cr.App. 1985).

Because the Court of Appeals did not have the benefit of Almanza when it reviewed appellant's case, we will remand this cause to that court so that it may apply Almanza to appellant's

contention concerning the alleged unobjected-to error in the court's charge. Shanks v. State, 710 S.W. 2d 585 (Tex. Cr. App. 1986).

It is so ordered.

Per Curiam

(Delivered November 25, 1987)

En Banc

Do Not Publish

Presiding Judge Onion and Judge Teague dissent to the remand

Permanent Record Preservation
REQUIRED

COURT OF APPEALS
TENTH SUPREME JUDICIAL DISTRICT

OPINION

VOL. 53A PAGE 57

Exhibit C

| | |
|---|---|
| File Date: 5-4-83 | Amount of Appeal Bond: Yes Incarcerated |
| | Punishment Assessed: Life |

At Issue Date: NOV 14 1983
Panel:

Type Case/Offense: Murder

CAUSE NO. 10-83-095-CR    COUNTY: Harris

_x_ Transfer    ___ Orig. Proceeding

Court I.D. Number: C
Trial Judge: Henry K. Oncken
Trial Court: 248th District
Trial Court Number: 348,455
Court Reporter: Myrna Hargis

### PARTIES

KENNETH RAY BROWN

VS.

THE STATE OF TEXAS

Contents of Record:
Yes Transcript        Yes Appellant B
Yes S. of Facts       Yes Appellee Br
Yes Exhibits

Appeals Consolidated Under This Case:

### ATTORNEYS  2-1

**APPELLANT/THE APPLICANT:**

Percy Foreman
Foreman & DeGeurin
909 609 Fannin, Suite 1111 590
Houston, Texas 77002 77010

Ronald G. Mock
Bonney & Mock Burchett & Mock
609 Fannin, Suite 2129 3208 Austin St.
Houston, Texas 77004

**APPELLEE/THE STATE:**

John B. Holmes, Jr.
District Attorney
201 Fannin, Suite 200
Houston, Texas 77002

J. Sidney Crowley, Asst. Dist. Atty

cc: Huttash

### MEMORANDUM ENTRIES

| Date | | Date | |
|---|---|---|---|
| 12-27-84 | Decision: REVERSED & REMANDED  FRX 1-12-85 | | Mailed to 570-0566/237 (2-13-85)  Sent to Sup. Ct./Ct. Crim. Appeals |
| 1-21-88 | AFFIRMED. | 10-30-85 | Sup. Ct./Ct. Cr. App. Number: 0182-85  Disposition in Sup. Ct./Ct. Cr. App. GRANTED |
| | Opinion by: Frank G. McDonald C/J  169 (F-81) | 11-25-87 | REMANDED to COURT OF APPEALS |
| | Judgment-Vol. 6 Page 369 (c-125) | 12-23-87 | Record Returned From Sup. Ct./ Ct. Cr. App. |
| | Mot. Rehearing Filed by: | | |
| | Mot. Rehearing Setting Date: | | |
| | Order-Mot. Rehearing: | 3-7-88 | Mandate Issued |
| | | | Exhibits Returned |
| | Opinion Reporter  S. W. Rep. | | |
| | | | Costs: |
| | | | Filing Fees  $ |
| | | | Transcript Fee  $ |
| | Sent to West Pub. Co. | | S. Facts Fee  $ |
| | | | Revenue Code: |

| DATE | FILINGS AND ORDERS | MINUTE ENTRY | DATE OF SETTING | DATE PARTIES NOTIFIED |
|---|---|---|---|---|
| 4-16-82 | Notice of Appeal | | | |
| 5-21-82 | Aplnt's Mtn for Ext of Time in Which to File S/F | | | |
| 7-8-82 | Aplnt's Mtn for Ext of Time in Which to File S/F GRANTED S/F due | | 8-20-82 | |
| 8-30-82 | Aplnt's 2nd Mtn for Ext of Time in Which to File S/F | | | |
| 9-16-82 | Aplnt's 2nd Mtn for Ext of Time in Which to File S/F GRANTED S/F due | | 10-20-82 | |
| 11-12-82 | Transcript | | | |
| 11-12-82 | Statement of Facts (7 Volumes) | | | |
| 12-28-82 | Mtn for Ext of Time to File Aplnt's Br | | | |
| 1-6-83 | Mtn for Ext of Time to File Aplnt's Br GRANTED Aplnt's Br due | | 1-31-83 | |
| 2-17-83 | 2nd Mtn for Ext of Time to File Aplnt's Br | | | |
| 2-24-83 | 2nd Mtn for Ext of Time to File Aplnt's Br GRANTED Aplnt's Br due | | 3-31-83 | |
| 3-21-83 | Appellant's Brief (ORAL ARGUMENT REQUESTED) | | | |
| 4-19-83 | State's Appellate Brief | | | |
| 8-29-83 | Set for Sub. & O.A. at 9:00 a.m. on Monday | | 11-7-83 | 8-29-83 |
| 2-6-85 | Petition for Discretionary Review (by Appellee) | | | 2-6-85 |
| 5-22-84 | Removed from Submitted docket and place at issue | | | |
| 2-22-87 | CCA Mandate | | | |
| 12-28-87 | Set for Sub. without O.A. on Thursday, | | 1-7-88 | |

Trial Court
# 348,455

*Exhibit D*

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * *

KENNETH RAY BROWN,

                              Appellant

v.

THE STATE OF TEXAS,

                              Appellee

* * * * * * * * * * * *

From 248th Judicial District Court
Harris County, Texas

* * * * * * * * * * * *

O P I N I O N

* * * * *

This is an appeal by defendant Brown from conviction for murder for which he was assessed life imprisonment in the Texas Department of Corrections; and is before us on remand from our Court of Criminal Appeals.

On original submission in this court we reversed and remanded the case, sustaining defendant's ground 2, that the court's charge was fundamentally defective for failing to require the State to disprove lack of sudden passion in the paragraph applying the law of murder to the facts of the case. Both defendant and the State agreed that Cobarrubio v. State, 675 S.W.2d 749, which was pending on rehearing in the Court of Criminal

1

Appeals, would be dispositive of the above ground of error, if the Court of Criminal Appeals denied the State's motion for rehearing in such case.

The Court of Criminal Appeals, on September 26, 1984, denied the State's motion for rehearing, and we reversed and remanded the case, sustaining ground 2.

The State applied for a petition for discretionary review which our Court of Criminal Appeals granted and on November 25, 1987, remanded the case to this court, pointing out that at the time of our disposition of the case, we did not have the benefit of the Court of Criminal Appeals decision in Almanza v. State, 686 S.W.2d 157, and mandated this court to apply Almanza to "appellant's contention concerning the unobjected to error in the courts charge".

Almanza, supra, holds that if no proper objection is made at trial to an error in the jury charge the accused must claim the error was "fundamental", and he will obtain a reversal only if the error is so egregious and created such harm that the has not had a fair and impartial trial, or in short that there was egregious harm; and that harm must be determined from the entire record. To the same effect is Kucha v. State, Ct.Crim.Appls, 686 S.W.2d 154.

In the instant case the evidence of guilt is overwhelming. Defendant defended at trial on the ground of self defense. The record reflects that defendant purchased marijuana from deceased for $30 on credit; that deceased demanded defendant pay him; that defendant asserted the marijuana was bad and wanted to return it rather than pay; that deceased refused; that someone shot into deceased's window and deceased accused defendant of being the person who shot through his window, but accepted that defendant

2

did not do it when he compared defendant's shells with the ones he had picked out of the wall; that deceased still demanded defendant pay him the $30; that on the morning of the shooting deceased came out of his apartment carrying a shot gun; that defendant came out of his apartment and saw deceased with his shot gun, and went back into his apartment and got his pistol; that defendant came back out and shot deceased; that deceased dropped his shot gun; that defendant picked up deceased's shot gun and shot it at deceased, not hitting him; that deceased then ran; that defendant then followed deceased and shot him again with his pistol.

We overrule defendant's ground 2 and affirm the judgment.

AFFIRMED

DO NOT PUBLISH

FRANK G. McDONALD
Chief Justice

3

*Exhibit C*

**PAUPER'S OATH ON APPEAL**

CAUSE NO: __348455__   OFFENSE: __murder__

THE STATE OF TEXAS   __248th__ DISTRICT COURT

VS.   OF

__Kenneth Ray Brown__   HARRIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES __Kenneth Ray Brown__, Defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel, on appeal.

Defendant further states under oath that defendant is without funds, property or income; that because of his poverty he is unable to pay for a transcript of the evidence which is necessary to be filed with the Court of Criminal Appeals of the State of Texas;

WHEREFORE, he prays that the Court appoint counsel to represent him on appeal and that the Court direct the Court Reporter to prepare a statement of facts, as provided by law, in question and answer form, for use on appeal.

_____
DEFENDANT

SUBSCRIBED AND SWORN to before me, this __16th__ day of __April__,
A.D., 19__82__

_____
DEPUTY DISTRICT CLERK
__248__ DISTRICT COURT
HARRIS COUNTY, TEXAS

FILED
RAY HARDY
District Clerk
APR 16 1982
Time_____
By_____ Harris Co.

**ORDER APPOINTING COUNSEL ON APPEAL**

On this the __16th__ day of __April__, A.D., 19__82__, it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause, on appeal.

__Ron Mock III__
ATTORNEY
__609 Fannin #2129__
ADDRESS
__Hou, TX        77002__
CITY        STATE        ZIP
__223-2660__

## ORDER TO PREPARE STATEMENT OF FACTS ON APPEAL

This the ___16th___ day of _____April_____, A.D., 19_82_ after hearing testimony on the above affidavit and it appearing that the defendant is entitled to the relief prayed for, it is ORDERED that the Court Reporter of this Court prepare a statement of facts in question and answer form of the testimony in said cause. It is further ORDERED that the clerk of this Court mail a copy of this Order to the Court Reporter: _____.

_____
JUDGE PRESIDING
_____ DISTRICT COURT
HARRIS COUNTY, TEXAS

DISTRICT CLERK



# TENTH COURT OF APPEALS



**Chief Justice**
Tom Gray

**Justices**
Bill Vance
Felipe Reyna

McLennan County Courthouse
501 Washington Avenue, Rm 415
Waco, Texas 76701-1327
Phone: (254) 757-5200    Fax: (254) 757-2822

April 10, 2006

Kenneth Ray Brown
TDCJ #334618
Ellis Unit
1697 FM 980 Rd.
Huntsville, TX 77343-0001

Re:    Court of Appeals Number:  10-83-00095-CR
       Trial Court Case Number:  348,455

Style: Kenneth Ray Brown
       v.
       The State of Texas

We are in receipt of your letters dated January 24, 2006 and March 27, 2006. The above cause was reversed and remanded on December 27, 1984. The State filed a Petition for Discretionary Review with the Court of Criminal Appeals on February 6, 1985. The Petition for Discretionary Review was granted by the Court of Criminal Appeals on October 30, 1985, and the cause was remanded back to this Court on November 25, 1987. This Court resubmitted the cause without further briefing and without oral argument on January 7, 1988. Therefore, there were no briefs filed on remand and there was not a hearing held in this Court on remand. This Court affirmed the trial court's judgment on January 21, 1988 and issued its mandate on March 7, 1988.

Our file does not reflect that findings were made by the trial court after the cause was appealed to the Court of Appeals. If any action was taken by the trial court after the Court's mandate was issued on March 7, 1988, it is not reflected in our file. Also, other than the record filed by the district clerk and court reporter, which I refer to below, I am unaware of any other record as you have referred to in your letter.

If you would like to purchase a copy of the record (clerk's and reporter's record) that was filed with us, we charge .10 per page for copies, payable in advance by check or money order. The clerk's record contains 95 pages and the reporter's record contains 528 pages which would be at total of $62.30.

We are also in receipt of your money order in the amount of $5.00. We are returning it to you because, in this instance, we are not charging a search fee. In the event you would like to purchase a copy of the record(s), you will need to send us a check or money order for the exact amount of the copies.

I am hopeful that this letter answers your recent questions.

Sincerely,

Sharri Roessler, Clerk

NO. 10-83-095-CR

EXHIBIT G

Trial Court
# 348,455

IN THE

COURT OF APPEALS

FOR THE

TENTH SUPREME JUDICIAL DISTRICT OF TEXAS

AT WACO

* * * * * * * * * * * *

KENNETH RAY BROWN,                                    Appellant

v.

THE STATE OF TEXAS,

Appellee

* * * * * * * * * * * *

From 248th Judicial District Court
Harris County, Texas

* * * * * * * * * * * *

O P I N I O N

* * * *

This is an appeal by defendant Brown from conviction for murder for which he was assessed life imprisonment in the Texas Department of Corrections.

Appellant appeals on 3 Grounds of Error.

Ground 1 asserts the indictment is fundamentally defective in not alleging a general culpable mental state in the second paragraph.

This does not render the indictment defective. Lugo-Lugo v. State, Ct. Crim. Appls. 650 S.W.2d 72.

Ground 1 is overruled.

Ground 3 asserts error in the charge permitting conviction on less proof than required by the indictment.

The charge uses the phrase "shoot at" whereas the indictment states "shot". There was no objection to the charge, and the complaint was

Moreover, the inclusion of the word "at" was not error calculated to injure the rights of appellant nor was trial rendered unfair thereby. Pierson v. State, 644 S.W.2d 31 (Tex.App.--Houston [14th Dist.] 1982, review ref'd). We find no error.

Ground 3 is overruled.

Ground 2 asserts the court's charge is fundamentally defective for failing to require the State to disprove lack of sudden passion in the paragraph of the charge when applying the law of murder to the facts of the case.

The appellant relies on Cobarrubio v. State, Ct. Crim. Appls, 675 S.W.2nd 749, pending (at time of filing of appellant's brief) on State's motion to grant leave to file motion for rehearing, in support of his contention that the complained of portion of the charge was fundamentally erroneous.

The State in its reply brief states: "The final decision of the Court of Criminal Appeals in such case will be dispositive of this ground of error."

On September 26, 1984, the Court of Criminal Appeals denied the State's motion for leave to file motion for rehearing in Cobarrubia.

Ground 2 is sustained which requires a reversal.

REVERSED & REMANDED

FRANK G. McDONALD
Chief Justice

DO NOT PUBLISH

10-83- 0 9 5 -CR

THE COURT OF APPEALS

FIRST SUPREME JUDICIAL DISTRICT

HOUSTON, TEXAS

*Exhibit R*

FILED IN
COURT OF APPEALS
HOUSTON. TEXAS
MAR 2 1 1983
KATHRYN COX,
CLERK

KENNETH RAY BROWN,
    Appellant,            :

   vs.                 :       APPEAL NO. 01-82-00453-CR

THE STATE OF TEXAS,
    Appellee.         :

---

APPELLANT'S BRIEF ON APPEAL

---

Appeal from Cause No. 348,455 in the
248th Judicial District Court
Houston, Texas



FILED IN
COURT OF APPEALS
Tenth District-Waco, Texas
TRANSFERR
MAY 4 1983
ROBERT G. WATTS, CLERK

FOREMAN & DeGEURIN
Percy Foreman
State Bar No. 07254000
609 Fannin, Suite 1111
Houston, Texas 77002
(713) 224-9321

BONNEY & MOCK
Ronald G. Mock
State Bar No. 14242700
609 Fannin, Suite 2129
Houston, Texas 77002
(713) 223-2660

ATTORNEYS ON APPEAL ONLY

## I N D E X

|  | Page |
|---|---|
| TABLE OF AUTHORITIES..................................... | ii |
| STATEMENT OF THE NATURE OF THE CASE...................... | 1 |
| STATEMENT OF FACTS...................................... | 2 |
| GROUND OF ERROR NO. 1................................... | 5 |

The conviction should be reversed because the indictment is fundamentally defective in not alleging a culpable mental state in paragraph two.

| GROUND OF ERROR NO. 2................................... | 6 |

The conviction should be reversed because the jury charge is fundamentally defective in that it does not place on the State the burden of disproving the lack of sudden passion in the paragraph of the charge applying the law of murder to the facts of the case.

| GROUND OF ERROR NO. 3................................... | 9 |

The conviction should be reversed because the jury charge is fundamentally defective in that it authorized a conviction if the jury found from the evidence that Appellant did, with intent to cause Steve L. Binder serious bodily injury, shoot at Steve L. Binder, whereas the indictment alleged in paragraph two that Appellant intended to cause serious bodily injury to Steve L. Binder and that he shot him with a pistol.

| CONCLUSION AND PRAYER................................... | 10 |

i

*Exhibit L*

*182-85*

No. 10-83-095-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

KENNETH RAY BROWN, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from HARRIS County

\* \* \* \* \* \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

AND

BRIEF IN SUPPORT THEREOF

\* \* \* \* \* \*

FROM THE

TENTH SUPREME JUDICIAL DISTRICT OF TEXAS

AT WACO

ROBERT HUTTASH
State Prosecuting Attorney
Bar I. D. No. 10363000

ALFRED WALKER
First Assistant State's Attorney
Bar I. D. No. 20693000

P. O. Box 12405
Austin, Texas 78711
512-475-4581

FILED IN
COURT OF CRIMINAL APPEALS

FEB 15 1985

Thomas Lowe, Clerk

FILED IN
COURT OF APPEALS
Tenth District-Waco, Texas

FEB 1985

ROBERT G. WATTS, CLERK

## SUBJECT INDEX

I. Statement of the case..................................1

II. Statement of the Procedural History.....................2

III. Questions for Review..................................2

     (1)  In a murder case, when the issue of voluntary manslaughter is raised, i.e., when the issue of whether the defendant was acting under the immediate influence of sudden passion arising from adequate cause is raised, does a trial judge commit <u>fundamental error</u> by failing to submit that issue as a part of the State's burden of proof in the paragraph of the jury charge which applies the law of murder to the facts?

     (2)  Should this Court's decision in Cobarrubio v. State, 675 S.W.2d 749 (Tex.Cr.App. 1983, rehearing denied Sept. 26, 1984) be overruled or at least modified and clarified with respect to the "fundamental error" aspect of the case?

     (3) . Should this Court's decision in Jenkins v. State, Nos. 64,000-64,004 (Tex.Cr.App., Feb. 16, 1983, <u>rehearing pending</u>) be set aside and/or overruled?

IV. Reasons for Review..................................3

    Argument and Authorities..............................4

V. Prayer for Relief..................................4

    Certificate of Service ...............................6